Doran *v.* The East River Ferry Company.

---

CATHERINE A. DORAN, by her guardian, &c., Respondent, *v.* THE EAST RIVER FERRY COMPANY, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, JULY, 1870.)

The plaintiff, who was ten years old, paid ferriage from New York to H., where she was safely carried by the defendant's ferry boat. She remained on board during the return trip to New York and back to H., and no addi-

Doran *v*. The East River Ferry Company.

tional ferriage was paid by, or asked from her.—*Held*, that the plaintiff could recover for injuries received while entering the ferry slip at H. the second time, and caused by the defendant's negligence.

THIS was an action to recover damages, for injuries received by the plaintiff while upon the defendant's ferry boat.

It appeared that the plaintiff's hand had been badly jammed and injured, and some of the fingers destroyed, while she was upon the defendant's ferry boat, which plied between New York and Huntersville. That the injury was caused by the running of the railing of the boat, upon which the plaintiff was resting her hand against the spiles at the side of the ferry slip at Huntersville, and that the spiles were improperly constructed, and that if they had been properly constructed the injuries would not have been received. There was conflicting evidence upon the question of contributory negligence by the plaintiff. The court submitted the question to the jury who found a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed. The remaining facts appear in the opinion.

*Beebe, Donohue & Cook,* for the appellant.

The plaintiff was not a passenger in any sense which entitled her to recover in this action. She was riding gratuitously, and consequently the defendants are not liable to her except for gross neglect. The charge of the judge that this fact was immaterial was erroneous.

She was an infant, and not liable for the fare. Neither could her father be made liable for it. The arrangement of the company was to receive fare from passengers only on passing the gate, before entering the boat. There being no express contract to pay fare after the first crossing, and consequently no express contract on the part of the company to carry her safely, the law will not imply such contract in her favor, provided she conducted herself as she did, intending and expecting not to pay. Her fare is the only consideration on which any duty or obligation on the part of the company

Doran *v.* The East River Ferry Company.

can be based.   She intended that the relation of passenger and carrier for hire should not exist or be recognized.   The law will not imply a contract contrary to the intention of the parties. The judge's charge took this consideration from the jury.

*George C. Barrett,* for the respondent.

That part of the judge's charge to which the defendants made their single exception was perfectly correct ; since it is well settled that in the absence of a special contract, a passenger, traveling gratuitously, has a right of action for injuries suffered by him through the carrier's negligence. (*Perkins* v. *N. Y. Central R.R. Co.,* 24, N. Y., 196 ; *Nolton* v. *Western R. R. Co.,* 15 N. Y., 444 ; *Great Northern R. R. Co.* v. *Harrison,* 10 Exch., 376 ; *Collett* v. *London & North-western R. R. Co.,* 16 Q. B., 984 ; *Philadelphia & Reading R. R. Co.* v. *Derby,* 14 How. U. S., 468 ; *Gillenwater* v. *Madison, &c., R. R. Co.,* 5 Ind., 339 ; *Todd* v. *Old Colony, &c., R. R. Co.,* 3 Allen, 18.)

And the fact that a traveler who ought to pay has not paid, and does not intend to pay his fare does not, in the absence of actual fraud, deprive him of redress for injuries. (*Austin* v. *Great Western R. R. Co.,* Law Rep., 2 Q. B., 492.)

But here the plaintiff was not traveling gratuitously.   She says she paid her fare, and that the injuries were inflicted upon the very trip for which she paid.

This is not contradicted ; but even if it were, the defendants might have collected their fare if they had chosen.

Present—INGRAHAM, P. J. and GEORGE G. BARNARD, J.

By the Court—BARNARD, J.   The question as to whether plaintiff was guilty of, or contributed to, the accident by her negligence, was fairly submitted to the jury, and by them found in the negative.   There was testimony on both sides on that subject, and the weight was given by the jury to plaintiff's side, and we cannot disturb their finding.   The only

other question was, whether plaintiff, by riding upon the boat after having paid only one fare, could not recover damages for gross negligence. She remained on the boat; did not go ashore, so as to pass through the gate at the landing. The employes of the company saw her there, and it was their business to demand her fare, if they intended to charge her. Their not doing so would not render her liable to be held guilty of negligence, or of being carried gratuitously, so as not to render the company liable for damages arising through negligence on their part. (*Perkins* v. *The N. Y. Cen'l R. R. Co.*, 24 N. Y., 196, and cases there cited.)

The judgment should be affirmed.