GEORGE H. WAKEFIELD *vs.* SOUTH BOSTON RAILROAD
COMPANY.

Suffolk. March 11. — May 12, 1875. AMES & ENDICOTT, JJ., absent.

The provision of the St. of 1871, *c.* 381, § 36, that a passenger upon a horse-car in the
city of Boston shall, upon paying a sum in addition to the regular fare, receive a
check entitling him tq a passage on the same day only, in any car run in the city
between any two points therein, without paying more than a sum named "for both
of the passages aforesaid," does not entitle one who has received such a check and
who has once changed cars and surrendered the check in the second car at the re-
quest of the conductor, to a passage in a third car proceeding farther upon the
same line, although he is told by the conductor of the second car that he may ride
on the third car without further payment of fare.

TORT for an assault and battery by an agent of the defend-
ant. At the trial in the Superior Court, before *Pitman*, J., there
was evidence tending to show that the plaintiff, under the pro-
visions of the St. of 1871, *c.* 381, § 36, purchased in East Boston

a commutation ticket from the conductor of a Metropolitan car, in order to secure a passage on the horse-railroad cars to the defendant's stable in South Boston; that he rode on the Metropolitan car to the corner of Harrison Avenue and Beach Street, at which place the plaintiff exchanged cars, getting into a car upon which he saw the words "South Boston," and which, as it appeared in evidence, belonged to the Dorchester Street line of the defendant. The plaintiff gave up his ticket to the conductor of this car. On arriving at Dorchester Street the car stopped, and the plaintiff was informed by the conductor that that car would go no farther, it being short of the point to which plaintiff intended to go; the plaintiff asked the conductor if he could ride upon another car then going by, down to the company's stable, without paying another fare; to which the conductor replied that he could. Immediately the plaintiff left the car and got on the front platform of the car of the defendant's that was going farther. After riding a short distance, the conductor asked the plaintiff for his fare, to which plaintiff replied that he had paid one fare in the other car, and he would not pay another, as that conductor had told him he could ride on this car without paying another fare; upon which declaration the conductor put the plaintiff off the car.

Upon these facts the judge ruled as a matter of law, that " the conductor had a right to put him off, unless he paid another fare," giving instructions not objected to, as to the time and manner of so doing. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*D. B. Gove,* for the plaintiff.

*W. A. Munroe,* for the defendant.

COLT, J. The plaintiff's commutation check, which he received as a passenger in the car of the Metropolitan road from the conductor of that car, entitled him under the St. of 1871, *c.* 381, § 36, to a passage on the same day in any car run in the city by any other street railway " between any two points therein," without paying " any sum beyond eight cents for both of the passages aforesaid." This right the plaintiff had used up when he surrendered his check and left the second car. It cannot be fairly claimed that he had the right to three passages in three different cars.

The fact that the defendant's conductor when he took up the check had informed him that he might ride without pay to the place of his destination in the car from which he was ejected, affords him no excuse for refusing to pay his fare when demanded. The conductor of that car, whose duty it was to collect the fare, had no authority to give him a free passage upon his statement that the conductor of another car had promised it to him without any consideration. Conductors have no authority so to bind the corporation by which they are employed.

*Exceptions overruled.*