## Toledo, Wabash and Western Railway Company

*v.*

## Julia A. Brooks, Admx. etc.

1. Instruction—*as to weight of evidence.* In case of a conflict of evidence as to a particular fact, it is error for the court, in an instruction, to say to the jury which is the better evidence on the question, except in case of records, writings and other evidence, which is, in its nature, conclusive, or can not be contradicted.

2. Thus, on a question of marriage, an instruction to the jury that the testimony of the plaintiff to the fact of her marriage is better evidence bearing on the question than the alleged fact that there is no record at the proper place of such alleged marriage, is erroneous, as invading the province of the jury to weigh the evidence and pass upon its weight.

3. Death—*when party suing is not the wife of the deceased.* Where a party suing to recover damages for wrongfully causing the death of another, claims to have been his wife at the time of the death, and there is no question as to the deceased having any other wife, the fact of the plaintiff's marriage with the deceased is material. Where the suit is brought by the personal representative, and two claim as widow, and the marriage to one or the other is not disputed, then the question of the marriage is not material, as the court, in ordering a distribution, must determine who is entitled to the damages recovered.

4. Law and fact—*marriage.* The question whether persons are married is one of fact and not one of supposition, and, therefore, an instruction based upon the fact that a certificate of marriage was neglected to be filed, without showing a marriage or the existence of such certificate, is erroneous.

5. Railroad—*liability for injury to person wrongfully on its train.* If a person stealthily, and without the knowledge of the employees of a railway company, gets upon a train and secretes himself, for the purpose of passing from one place to another, no recovery can be had from the company for any personal injury he may sustain.

6. Same—*liability for injury to one fraudulently on train without paying fare.* No recovery can be had of a railway company for a personal injury to a passenger on its train of cars, or for his death, caused by mere negligence, when he knowingly and fraudulently induces the conductor to disregard his duty and defraud the company out of the amount of his fare for his own profit.

Writ of Error to the Circuit Court of Champaign county; the Hon. J. C. Allen, Judge, presiding.

This was an action on the case, by Julia A. Brooks, administratrix of the estate of William H. Brooks, deceased, against the Toledo, Wabash and Western Railway Company, to recover damages for causing the death of plaintiff's husband and intestate, through negligence. A trial was had, resulting in a verdict and judgment in favor of plaintiff, for $3166.

Messrs. Hay, Greene & Littler, for the plaintiff in error.

Messrs. Cunningham & Webber, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

In this case the record discloses a conflict of evidence whether defendant in error was married to deceased in his lifetime. She testified she had been and was his wife at the time of his decease. It is claimed that she made contradictory statements as to when the marriage occurred and the place of its celebration; also, that the marriage register at Detroit, Michigan, where she located its ratification, showed no such marriage, nor could the minister who she says performed the ceremony be found, nor could persons be found in the city who knew

him or had heard of his residence there, at any time. The evidence tends to show that deceased lived with, and on the journey in which he was killed, recognized defendant in error as his wife. He so called her when conversing with the conductor and brakeman, before entering the train, and at the instant of the collision she exclaimed: "My God, my husband."

In this conflict of evidence it was highly essential to the rights of the parties that the jury should have been fairly and accurately instructed, but the court gave this instruction:

"The court instructs the jury, that the testimony of the plaintiff in this case to the alleged fact of her marriage is better evidence, bearing on the question of marriage, than the alleged fact that there is no record in Detroit of such alleged marriage."

Now, this instruction was manifestly wrong, and highly calculated to mislead the jury. The court, on the trial of a cause, is required to admit all legitimate evidence tending to prove the issue, and it is improper to admit immaterial testimony. The jury are the sole judges of the weight of evidence, when thus admitted. It is, as all know, the province of the jury to weigh and consider all the testimony before them, and determine its value, and to act upon their convictions as to what part is better than another. It is true, when the judge acts as a jury in finding the facts, or on a motion for a new trial because the finding is against the evidence, it then, and not till then, becomes the duty of the judge to weigh and determine its value, otherwise he could not properly discharge the functions of his office.

In this case, on the contrary, the court invaded the province of the jury in telling them which was the better evidence on this question. It should have been left to the jury to determine that for themselves. If the court were to instruct the jury that plaintiff's evidence was better than the defendant's, or the converse, we presume all would say that it would amount to an instruction to find in favor of the better evidence, and thus

take the whole case from the consideration of the jury. It is not error for the court to thus instruct in case of records, writings, or other evidence which is, in its nature, conclusive, or can not be contradicted. Circumstantial evidence may be, and frequently is, more satisfactory than the direct and positive statements of a witness who is of doubtful veracity, limited information as to the matter testified about, or who is evidently biased. Hence, the proposition contained in this instruction, as a rule of evidence, is by no means true. The court could not properly assert, as a rule of law, which was the better evidence. The giving of this instruction was manifest error, that may have been highly prejudicial to plaintiff in error, and should not have been given.

If it be urged that the question whether defendant in error was, or not, the wife of deceased is immaterial, the reply is, that she sues alone for her own benefit, and there is no contest as to whether there is another person who was in fact and in law his wife. If the contest were whether another woman was the wife of Brooks at the time of his death, then any recovery which might be had would be paid to the person legally entitled to it. See *Conant* v. *Griffin,* 48 Ill. 410. In that case it was claimed that there was a former and lawful wife living, and, if any one, she was entitled to sue; but it was held immaterial, as the probate court would have the issue as to which was the lawful wife determined on distribution of the fund, whilst here there is no claim that there is another who is the lawful widow, nor does it appear that there are others who can claim to be entitled to share in the distribution. So far as the record discloses, any recovery that might be had would alone go to defendant in error, and if she was not married to deceased she has no right to recover. In this consists the broad distinction between this and *Conant's case.*

It is urged that the court below erred in giving the fifth instruction for defendant in error. It seems rather, in some of its parts, to lack evidence upon which to base it. We find no evidence that Fletcher neglected to file the certificate of marriage. The controversy was, whether there was a marriage.

If there was no marriage there would be no certificate. To infer there had been a certificate, it should first be established that there had been a marriage. Had that been conceded or proved, and no certificate or registry of the same could be found, then it might be presumed that the minister had neglected his duty in making or filing a certificate. The question of whether persons are married, is one of fact and not of mere supposition, as the last clause of this instruction asserts.

It is urged that the court erred in refusing to give the ninth or some one of the other instructions asked by plaintiff in error, but refused by the court. That instruction asserts, that if deceased knew that the regulations of the company prohibited persons from traveling on the road without a ticket or the payment of fare, and if, after being so informed, he went on the train, and by arrangement with the conductor was traveling without a ticket or paying his fare, deceased, in such case, would not be a passenger, and the company would not be liable for the negligence of their officers. In some form, all these refused instructions present this question.

Defendant in error insists that this case is governed by that of *The Ohio and Mississippi Railroad Co.* v. *Muhling*, 30 Ill. 9. In that case the passenger had been in the employment of the road, and was neither prohibited from getting on the train, or informed that it was against the rules for him to do so without a ticket or the payment of fare. Again, the company, in that case, seems to have owed the plaintiff for labor, which would have enabled them to deduct the amount of fare from the amount owing him. It was there said, that if a person was lawfully on the train, and injuries ensued from the negligence of the employees of the company, the passenger thus injured might recover.

On the part of plaintiff in error it is urged, that railroad companies, being liable for the want of care of their officers by which passengers suffer injury, must have the power to make all reasonable regulations for the government of their employees, and the power to enforce them; that it is a reasonable regulation which prohibits persons from traveling upon

their roads without purchasing a ticket or paying fare; that a person going on their road in known violation of such a rule, and by inducing the conductor to violate it, is not lawfully on the road, and the company should not be held responsible for an injury received by such person; that where a person actively participates in the violation of such a rule intentionally and knowingly, he does not occupy the same relation to the road as had he not known of the rule or not done any act to induce its violation.

It is manifest that if a person were stealthily, and wholly without the knowledge of any of the employees of the company, to get upon a train and secrete himself, for the purpose of passing from one place to another, he could not recover if injured. In such a case his wrongful act would bar him from all right to compensation. Then, does the act of the person who knowingly induces the conductor to violate a rule of the company, and prevails upon him to disregard his obligations to fidelity to his employer, to accomplish the same purpose, occupy a different position, or is he entitled to any more rights? He thereby combines with the conductor to wrong and defraud his employer out of the amount of his fare, and for his own profit. In this case the evidence tends strongly to show that both defendant in error and her husband had money more than sufficient to pay their fare to Danville, and a considerable distance beyond that place. If this be true, and defendant in error swears they had, then they were engaged in a deliberate fraud on the company, no less than by false representations to obtain their passage free from Decatur to Danville, and thus defraud the company out of the sum required to pay their fare. In this there is a broad distinction from *Muhling's case*, as in that case there was no pretense of fraud or wrong on his part. The court below should have given some one of the defendant's instructions which announced the view here expressed.

The evidence is not of the character to convince us that the judgment should stand, notwithstanding the erroneous instructions given or the refusal to give proper instructions. We

have no doubt that the erroneous instructions given misled the jury in finding their verdict.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*