BELL v. THE INDIANAPOLIS, CINCINNATI AND LAFAYETTE RAILROAD CO.

53    57
135    581

RAILROAD. — *Receiver.* — *Injury to Person.* — *Pleading.* — To a complaint against a railroad company for injuries received by the plaintiff in being run over by a train of cars of the defendant, it is a sufficient answer that, when the injuries were inflicted on the plaintiff, the railroad, engines, cars and all other property of the company were in the hands and under the control of a receiver duly appointed and acting; and such answer need not set forth a copy of the order of court appointing the receiver.

BILL OF EXCEPTIONS.—*Motion to Strike Out.*—The action of a court in refusing to strike out a paragraph of a pleading cannot be presented to the Supreme Court without a bill of exceptions.

From the Boone Circuit Court.

*W. Griffin, O. S. Hamilton, J. S. Peirce, G. H. Ryman* and *J. M. Johnston,* for appellant.

*R. W. Harrison* and *T. J. Terhune,* for appellee.

DOWNEY, C. J.—Suit by the appellant against the appellee for injuries received by him in being run over by a train of cars of the defendant, on or about the 7th day of October, 1872.

The defendant pleaded, as a first paragraph of answer, that, at the time of the alleged grievances, to wit, etc., the entire road, engines, cars, and all the other property, etc., of defendant, together with the entire control and management of the same, were in the hands and possession and under the control of receivers, duly and legally appointed by the Marion Civil Circuit Court, the circuit court of the United States for the district of Indiana, and the common pleas court of the county of Hamilton, in the State of Ohio; and the said receivers were then and there invested with all the corporate rights and franchises of said company, and were then and there using and controlling said property and the business connected therewith, and appointed all necessary officers and agents, etc., to carry on said business, and were then and there running, controlling and managing the same; that in the matter of the Indianapolis and Lafayette Rail_

road Company in bankruptcy, the possession and control of said railroad, and the management of the same, and the employment of agents, were not interfered with by order of the court in bankruptcy, but that the order of said bankrupt court was, after adjudging the company bankrupt, as follows:

"It being shown to the court that a large part or all the property and assets of the bankrupt is in possession of receivers, under the authority of the circuit court of the United States for the district of Indiana, and the common pleas court of Hamilton county, Ohio, it is hereby ordered that the marshal, in executing the warrant of bankruptcy, do not, until further order of the court, interfere with the possession of said receivers." That the defendant, at the time of the alleged grievances, did not have possession of said railroad property, nor any part thereof; that said grievances, if committed, were so done by said receivers or their agents, and not by the defendant or its agents. Wherefore, etc.

This paragraph of the answer was held good on demurrer thereto, and ultimately there was judgment for the defendant.

The only question on appeal to this court is as to the sufficiency of the first paragraph of the answer. So much of the paragraph as refers to the action of the bankrupt court appears to have been inserted in anticipation of what it was supposed might be alleged by the plaintiff by way of reply. The substance of the paragraph is, that, at the time when the injury was inflicted upon the plaintiff, the railroad, etc., were in the hands and under the control of receivers duly appointed and acting. Is this a sufficient reason why the corporation shall not be held liable for the injury done the plaintiff? Counsel for appellee cite and rely upon *The Ohio and Miss. R. R. Co.* v. *Davis*, 23 Ind. 553. The authority seems to us to be decisive of the question, and to sustain the ruling of the court below.

Counsel for appellant urge that the paragraph is bad, because it does not set forth a copy of the order of the court

appointing the receivers.    This, we think, was unnecessary. *Lytle* v. *Lytle*, 37 Ind. 281.

It is also urged, that a motion made by the appellant to strike out this paragraph of the answer should have been sustained, on the ground that the matter contained therein could have been given in evidence under the general denial, which was pleaded.    This question is not presented by a bill of exceptions, and therefore cannot be considered.    For this reason, and possibly for others, there is no error in this part of the record for which the judgment can be reversed.

The judgment is affirmed, with costs.