GEORGE KEELEY *vs.* BOSTON & MAINE RAILROAD COMPANY.

Cumberland.   Decided January 5, 1878.

*Railroad.*

A railroad ticket with the words "Portland to Boston" imprinted on it, purchased in Portland under no contract other than what is inferable from the ticket itself, does not entitle the holder to a passage in a direction the reverse of that indicated on the ticket.

A ticket with the words "Portland to Boston" on it does not entitle the holder to a ride from Boston to Portland, although the holder has been permitted to take such rides on similar tickets over the same railroad before, and a conductor on another train at another time on the same road gave his opinion to the holder that the ticket would be good for a passage either way.

ON REPORT from the superior court.

CASE, setting out in substance and in extended legal form and phraseology that the defendants were common carriers of passengers; that the plaintiff purchased two tickets, one of the following form: "163. Issued by Grand Trunk R. R., and Boston & Maine R. R., Portland to Boston. Valid only within seven days. First class. Form 39. J. Hickson, General Manager, 3376," and another, similar in form, but which he is unable to describe; that he entered the defendants' cars at Portland for Boston whither he was carried; that he gave up the "similar" ticket on his passage to Boston, when the defendants promised and assured the plaintiff that the ticket "described" was good for a passage for him over the defendants' railway from Boston to Portland; that on the 26th day of January, 1876, at Boston, he entered the cars to be conveyed to Portland, and was in pursuance of said payments and ticket (described) conveyed to South Lawrence, where he was ordered out; that he re-entered and was conveyed to Haverhill; that the defendants then ordered him to leave the cars and ejected him therefrom and refused to carry him to Portland.

The plea was, not guilty.

The plaintiff testified in substance as follows: That he purchased the ticket described at Lewiston, at the ticket office of the Grand Trunk Railway with several others; that he traveled much between Portland and Lewiston, and when at Lewiston always purchased

a through ticket for Boston, and when in Boston got a through ticket for Lewiston; that there was a coupon attached to this ticket to come from Lewiston to Portland, which had been used ; that January 25, 1876, he left home in Portland for Boston, had two of these tickets in his pocket, and when the conductor came around handed him the ticket described, and asked him—[Here the witness was stopped] that the conductor took one of the tickets for his fare to Boston, where he stopped over night ; that he started for Portland the next day, got aboard the defendants' train, handed conductor Conway the ticket described ; that Conway said it was not good, it reads from Portland to Boston. Witness continued thus : "I told him it was good, that the conductor whom I came down with yesterday morning told me it was good. Conway told me I would have to get off at Lawrence if I did not get a ticket. I got off at Lawrence, got aboard the train again without purchasing a ticket.

"The conductor came around after leaving Lawrence and I handed him the ticket the second time. He said, Didn't I tell you to get a ticket at Lawrence ? I said yes. He said, You have got to leave this train at Haverhill.

"There was a gentleman from Boston with Mr. McGlinchy sitting on a side seat and I sat on the inside of the seat with McGlinchy next to the window. The conductor came along and we had some hard words and he beckoned me out to leave the train. McGlinchy says, you are not going to eject Mr. Keeley off from the train, for if it is not all right he will make it right in Portland. The conductor says, I am no doctor. I don't know nothing about injections, but he has got to leave this train. The Boston man says, if I was you I would leave the train and have no trouble, but it is outrageous, and if you want to use me at any time, if you are going to bring a suit against this road, here is my address. I got off the train."

It is admitted that if the testimony had not been excluded the plaintiff would have testified that he had the conversation with the conductor of the up-train on January 25th, 1876, which he testified he repeated to conductor Conway, and that he said the conductor of the up-train told him the ticket was good for a return

ride; and if such testimony would have been admissible it is for the purposes of this report to be considered as in the case.

There was much other testimony; but the foregoing is sufficient to raise the legal points. The case was reported to this court which is to order such judgment as the law and facts require.

*J. E. Butler*, for the plaintiff.

*W. L. Putnam*, for the defendant.

PETERS, J. This case presents this question: Does a railroad ticket, with the words "Portland to Boston" imprinted on it, purchased in Portland under no contract other than what is inferable from the ticket itself, entitle the holder to a passage, on the road of the company issuing it, from Boston to Portland? Does a ticket one way give the right to pass the other way instead? We find no case deciding that it does, nor do we assent to the proposition that the law should be considered to be so. Such is not the contract which the ticket is evidence of.

It has been held that, if a passenger purchases a ticket with a notice upon it that it is "good for one day only," in the absence of a statutory regulation to the contrary, he can travel upon such ticket only on that day. *State* v. *Campbell*, 32 N. J. L. 309. *Shedd* v. *Troy & Boston Railroad*, 40 Vt. 88. *Johnson* v. *Concord Railroad*, 46 N. H. 213. *Boston and Lowell R. R. Co.* v. *Proctor*, 1 Allen, 267. 1 Redf. on Railways, 99, and notes. It has been held also that, if the words "good upon one train only" are printed upon a ticket, the holder is not entitled to change from one train to another after the passage is begun. *Cheney* v. *Boston & Maine R. R. Co.*, 11 Met. 121. Redf. on Railways, *supra*. If such notices confine a passenger to a certain day and a particular train, why is there not as much reason to say in this case that the notice upon the ticket must restrict the holder of it to go in the particular direction named?

This position is not weakened by the suggestion that the company can transport the passenger as cheaply and easily one way as the other. If it were so, it would be no answer. A person who agrees to sell to another, merchandise of one kind, might find it to his profit and advantage to deliver merchandise of another kind, but he cannot be compelled to do so.

So a railroad could often, no doubt, transport a passenger as conveniently on one train as another and on one day as another; still, as before seen, there is no obligation to do so. But it does not follow that a railroad corporation can carry passengers as well for itself the one way as the other. There may be a difference arising from various considerations. There may be more travelers and more freight to be carried one way than the other. It may be more expensive. There may be more risk in the one passage than the other. The up train may go more by daylight and the down train more by night. That such considerations as these might arise in a case, whether in this instance they exist or not, helps to demonstrate that a ticket one way is a different thing from a ticket the other. Practically, the doctrine set up by the plaintiff, if allowed to prevail, would affect the defendants injuriously. It is well known that through tickets are cheaper *pro rata* than the way or local fares. This fact has led to a practice on the part of way travelers of buying through tickets and using them over a part of the route and selling them for the balance of the distance, so as to make a saving from the regular prices charged. It is easily seen that, if a passenger is permitted to ride in either direction on a ticket, it increases the chances for carrying on this sort of speculation against the interests of the road.

It does not avail the argument for the plaintiff at all, that before this he had passed over the road upon other tickets in a direction the reverse of that advertised upon their face; nor is it of any importance that another conductor upon another train at another time expressed an opinion to him that this ticket would be for either direction good. The contract is not shorn of a particular stipulation merely because it is not always enforced. Nor could such conductor in such manner bind the corporation, and it could not have been understood by the plaintiff that he undertook to do so. The conductor merely expressed an opinion about a matter which he at that time had no business with. The plaintiff had ample opportunity to purchase another ticket, and should have done so. *Wakefield* v. *South Boston Railroad*, 117 Mass. 544.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.