Filed Oct. 9, 1888.

———————◆———————

No. 13,336.

GODFREY *v.* THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

RAILROAD.—*Railroad Company not Liable for Mistake or Negligence of Receiver.*
—In the absence of a statute imposing liability, a railway company is not answerable for injuries resulting from the mistakes or negligence of a receiver or his agents while operating the road.

SAME.—*Tickets Issued by Receiver.—Company not Bound to Honor and Redeem.*
—In the absence of an express agreement to do so, a railway company is not bound to honor or redeem tickets issued by a receiver while he was operating the road.

SAME.—*Carrier of Passengers.—Ticket Entitling Passenger to Travel in Reverse Direction.—Collection of Fare.*—Where a passenger deliberately enters upon a railroad train, with knowledge that his ticket entitles him to be carried in the reverse direction from that in which he proposes to go, and with ample opportunity to procure another, the conductor may refuse to honor such ticket, and has the right to collect fare.

From the Jackson Circuit Court.

*W. K. Marshall* and *A. P. Charles*, for appellant.

*J. B. Brown* and *R. Hill*, for appellee.

MITCHELL, J.—Godfrey sued the railroad company to recover damages alleged to have been suffered by him in being wrongfully ejected by the company's servants from one of its passenger trains upon which he had taken passage.

The complaint is in two paragraphs, both of which are substantially alike, except that it is averred in the second paragraph that the railroad was being operated by a receiver at the time the plaintiff purchased the ticket upon which he claimed the right to be carried, and that although the railroad company was operating its road when the plaintiff presented the ticket and claimed the right to ride upon it, the company had bound itself to carry out all contracts made by the receiver while the road was under his control.

The court sustained a motion to strike out certain portions of the complaint, which set forth the particular facts and circumstances relating to the manner in which the plaintiff was put off the train.

It is only necessary to say, in respect to the ruling on this motion, that no error was committed. All the circumstances relevant to any injury sustained by the alleged wrong were admissible in evidence without being specially pleaded.

It appeared in evidence that, on November 28th, 1883, the plaintiff, intending to take passage from North Vernon to Charlestown, purchased a ticket at the North Vernon ticket office for the station last named. The agent, by mistake, delivered him a ticket which on its face purported to entitle the holder to one passage from " Charlestown to North Vernon." After taking his seat in the car the plaintiff discovered the mistake, and, instead of offering the ticket to the conductor, paid the fare without mentioning the mistake, and was safely carried to his destination. When the plaintiff purchased his ticket, and continuously thereafter until April 1st, 1884, the property and franchises of the railroad company were in the hands of a receiver, who operated the road under the order of the United States Circuit Court for the district of Indiana. On the date last above mentioned the company was put into

possession of its property, and was authorized by the order of the court to take the management of its affairs, subject to such orders as the court might thereafter make, in the way of requiring the corporation to pay such claims or liabilities as the receiver may have incurred while in possession of the property. The order further required that all claims against the receiver should be presented to the court for adjudication within sixty days. The railway company executed its bond as required by the order of the court, binding itself to pay any and all debts or liabilities contracted by the receiver under the order of the court.

On the 8th day of April, 1884, after the corporation resumed the operation of its road, the plaintiff went on board one of the company's regular passenger trains at North Vernon, which was proceeding on its way thence to Charlestown. He presented the ticket purchased while the road was in the hands of the receiver in November before. The conductor refused to receive the ticket, and demanded that the plaintiff should pay the usual fare, remarking in the hearing of other passengers that he did not know but that the ticket had been used before, or that the plaintiff might have stolen it. The plaintiff refusing to pay fare, the train was stopped at the next station, and the plaintiff directed to get off, which he did without resistance, and without suffering any violence to his person.

There was other evidence, but the foregoing summary is all that is necessary to present the questions involved.

At the conclusion of the evidence, the court instructed the jury to return a verdict for the defendant. This was done and judgment given accordingly. The propriety of the instruction of the court to the jury is the only question involved.

The instruction was very clearly right, upon two grounds, at least: (1) There was no evidence tending to show any mistake or negligence on the part of the railway company in the sale of the ticket. The plaintiff purchased the ticket, on

which he insisted upon being carried, of the receiver, more than four months before he attempted to use it. The mistake in delivering the wrong ticket was the mistake or negligence of the agent of the receiver. The railway company could not be held responsible for injuries resulting from the omissions or mistakes of those who had possession and control of its property without its consent and in opposition to its will. It is settled beyond question, that a railroad company, in the absence of a statute imposing liability, is not answerable for injuries resulting from the mistakes or negligence of a receiver or his agents while operating the road. *Ohio, etc., R. R. Co.* v. *Davis*, 23 Ind. 553 (85 Am. Dec. 477); *Bell* v. *Indianapolis, etc., R. R. Co.*, 53 Ind. 57; *State* v. *Wabash R. W. Co.*, 115 Ind. 466; High Receivers, section 396.

It is true the ticket, in a sense, was evidence of a contract, at least so far as to indicate that the holder thereof had paid his fare from Charlestown to North Vernon, but it was a contract made by the plaintiff with the receiver, and, in the absence of an express agreement to do so, the railway company was under no obligation to redeem tickets issued by the receiver while he was operating the road. The bond executed by the company to the receiver was to indemnify the latter against all debts and liabilities incurred by him, but these were plainly such debts and liabilities as should be presented to the court within sixty days, and which the court should allow and order paid.

(2) Over and above the considerations already mentioned, it is quite clear that the plaintiff had no right of action, and that the jury were properly directed to return a verdict for the defendant.

As has been seen, the plaintiff purchased the ticket upon which he insisted he was entitled to ride, and which had been delivered to him by mistake, more than four months before he presented it for use. He discovered the mistake within

a few minutes after receiving the ticket, and taking his seat on the car.

It is quite probable, if the plaintiff, without having had ample opportunity to correct the mistake after discovering it, had offered the ticket on the first trip, and had been refused passage, he would have been entitled to recover for any injury, in case he had been ejected after having done all he reasonably could to rectify the mistake. The case would then have fallen within the principles declared in *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381, and cases of that class. But, having retained the ticket, with full knowledge of its purport, without disclosing the mistake to any one connected with the management of the road, the plaintiff must be regarded as having ratified the contract according to its terms.

Under section 2906, R. S. 1881, the plaintiff had the right to return the unused ticket and receive the money paid for it; or he had the option to retain it for what it purported to be, viz., a contract entitling him to be carried without further payment of fare from " Charlestown to North Vernon."

A person may not deliberately enter upon a railroad train, with knowledge that his ticket on its face entitles him to be carried in the reverse direction from that in which he proposes to go, and, with ample opportunity to procure another, insist upon being carried without paying fare. Railroad companies have the undoubted right to make reasonable regulations for the conduct of their business. It is certainly a reasonable requirement that a passenger, having the opportunity, should purchase his ticket to the place of his destination, and not in the opposite direction. To compel railroad companies to receive unused tickets, without regard to the direction which the holder wished to go, would introduce inextricable confusion into their business, and be of no benefit to any person possessed of sufficient intelligence to go upon a train. *Keeley* v. *Boston, etc., R. R. Co.*, 67 Maine, 163 (6 Cent. L. J. 382) ; *Bradshaw* v. *South Boston R. R. Co.*, 135

Mass. 407 (16 Am. & Eng. R. R. Cases, 386); *Wakefield* v. *South Boston R. R. Co.*, 117 Mass. 544.

The conclusion already arrived at renders it unimportant that we consider other questions discussed.

The judgment is affirmed, with costs.

Filed Oct. 9, 1888.