ALICE M. FITZMAURICE *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Middlesex.   March 29, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Negligence.   Railroad.   Carrier.*

If a shop girl over eighteen years of age, who is not a student, by means of false representations purchases from a railroad company a season ticket on its road issued at half price only for students under eighteen years of age, while travelling on the railroad upon this ticket she is not entitled to the rights of a passenger and is in no better position than a mere trespasser, and if while so travelling she is injured by reason of a collision, and there has been no such wanton and reckless disregard of consequences on the part of the servants of the railroad company as to make the company liable to a trespasser, she cannot maintain an action against the company for her injuries.

If a girl over eighteen years of age who is not a student travels over a railroad on a season ticket fraudulently procured by her, which is intended by the railroad company to be issued at half price only to students under eighteen years of age, she has not the rights of a passenger and her position is not improved by the fact that the conductors on the trains of the railroad company have accepted the coupons of her ticket, whether they knew of her fraud or not.

If the conductor of a train of a railroad company knows that a person in the train is travelling on a ticket procured by fraud, he has no power by accepting the ticket to give the person travelling on it the rights of a passenger.

SHELDON, J.   The plaintiff, while riding upon a train of the defendant, was injured by reason of a collision ; and no question is made but that she would have been entitled to a verdict in her favor if she had the rights of a passenger.   She was a minor.   She was riding upon a three months' season ticket which was good only for students under eighteen years of age.   She had obtained this ticket by presenting to the defendant's ticket agent a certificate purporting to be signed by

her father that she was under eighteen years of age and was a pupil in the Hollander Art School, Boston, and agreeing that she would not use the ticket otherwise than in going to and from the school; and also presenting a certificate purporting to be signed by "J. F. Miner, Principal, Hollander Art School, Boylston St., Boston, Mass.," that she was a pupil in his school, and as he fully believed intended to remain so for the next three months. She was at this time over eighteen years of age, as she testified, lived in Marlborough, and was employed in Hollander's dry goods store in Boston. The regular price for a season ticket was $32; the reduced rate for students under eighteen years of age, at which the plaintiff procured it, was $16. She had been riding upon this ticket nearly every day except Sunday for over a month, and the coupons had been received by the conductor. Upon the face of the ticket were the words, "Good only for a person under eighteen years of age." The jury having found the amount of the plaintiff's damages if she was entitled to recover, the judge ordered a verdict for the defendant, and reported the case to this court, with the stipulation that if she is entitled to recover, judgment is to be entered in her favor for that amount; otherwise, there is to be judgment on the verdict.

The defendant had the right to establish a reduced rate for students under a fixed age. R. L. c. 111, § 228. A statute requiring similar action by street railway companies was sustained by this court in a recent case. *Commonwealth* v. *Interstate Consolidated Street Railway*, 187 Mass. 436. The plaintiff knew that she did not come within the class to which this offer of a reduced rate was made, and obtained her ticket by presenting certificates of facts which she knew to be false. She thus obtained by false representations a ticket to which she knew that she was not entitled. Whatever rights she had to be regarded as a passenger on the defendant's train she had acquired solely by the fraud which she had practised upon the defendant. She had no right to profit by her fraud; she had no right to rely upon the consent of the railroad company to her entering its train as a passenger, when she had obtained that consent merely by gross misrepresentations. Accordingly she was not lawfully upon the defendant's train; she was in no better position than

that of a mere trespasser. This principle has been affirmed in other jurisdictions. Thus it has been held that a person travelling over a railroad on a free pass or a mileage ticket which had been issued to another by name and was not transferable, was barred by his fraudulent conduct from recovering for a personal injury unless it was due to negligence so gross as to show a wilful injury. *Toledo, Wabash & Western Railway* v. *Beggs*, 85 Ill. 80. *Way* v. *Chicago, Rock Island & Pacific Railway*, 64 Iowa, 48. If the plaintiff had fraudulently evaded the payment of any fare, she certainly would not have become a passenger, and the defendant's utmost duty to her while she was upon its train would have been to abstain from doing her any wilful or reckless injury. *Condran* v. *Chicago, Milwaukee & St. Paul Railway*, 67 Fed. Rep. 522. *Toledo, Wabash & Western Railway* v. *Brooks*, 81 Ill. 245. *Chicago, Burlington & Quincy Railroad* v. *Mehlsack*, 131 Ill. 61. But such a case cannot be distinguished in principle from the case at bar, in which the plaintiff obtained her ticket at a reduced price by successfully practising a fraud. The only relation which existed between the plaintiff and the defendant was induced by her fraud; and, as was said by the court in *Way* v. *Chicago, Rock Island & Pacific Railway, ubi supra*, she cannot be allowed to set up that relation against the defendant as a basis of recovery. See also to the same effect *Godfrey* v. *Ohio & Mississippi Railway*, 116 Ind. 30; *McVeety* v. *St. Paul, Minneapolis & Manitoba Railway*, 45 Minn. 268; *McNeill* v. *Durham & Charlotte Railroad*, 31 Am. & Eng. Railroad Cas. (N. S.) 285.

Nor is the plaintiff helped by the fact that the defendant's conductors had accepted the coupons of her ticket. This simply showed that she had succeeded in carrying her scheme to completion. There had been a similar acceptance by the conductor in *Way* v. *Chicago, Rock Island & Pacific Railway*, and *Toledo, Wabash & Western Railway* v. *Beggs, ubi supra*. If the defendant's conductors did not know the real facts, their acceptance of her coupons could have no effect; if they knew the facts and acquiesced in the plaintiff's wrongful purpose, this conduct could give her no additional rights. *McVeety* v. *St. Paul, Minneapolis & Manitoba Railway*, and *Condran* v. *Chicago, Milwaukee & St. Paul Railway, ubi supra*.

The cases relied on by the plaintiff do not support her contention. In *Galveston, Harrisburg & San Antonio Railway* v. *Snead*, 4 Tex. Civ. App. 31, *Ohio & Mississippi Railroad* v. *Muhling*, 30 Ill. 9, and *Austin* v. *Great Western Railway*, L. R. 2 Q. B. 442, no question of fraud was involved. The same is true of *Foulkes* v. *Metropolitan District Railway*, 4 C. P. D. 267, and 5 C. P. D. 157. In *Doran* v. *East River Ferry*, 3 Lans. 105, the plaintiff was allowed to recover on the ground that the defendant's servants had negligently failed to demand her fare, and that her injury was due to gross negligence. We have found no decision which would support a recovery under circumstances like those before us.

The plaintiff's counsel very properly has not contended that there was evidence of any such wanton or reckless conduct as to entitle her to recover in spite of her rights being only those of a trespasser. *Bjornquist* v. *Boston & Albany Railroad*, 185 Mass. 130. *Banks* v. *Braman*, 188 Mass. 367.*

According to the terms of the report there must be

*Judgment on the verdict.*

*J. J. Shaughnessy*, for the plaintiff.
*J. L. Hall*, for the defendant.

---

* The headnotes in *Banks* v. *Braman*, 188 Mass. 367, are misleading in the use of the term "gross negligence." They have been corrected to read in future editions as follows:

"To establish liability for negligence on the part of a defendant where the plaintiff was not in the exercise of due care, the plaintiff must show intentional conduct of the defendant having a tendency to injure others which is known or ought to be known to the defendant, accompanied by a wanton and reckless disregard of its probable harmful consequences.

"Upon the issue whether the negligence of a defendant was such as to make him liable for an accident to which negligence of the plaintiff contributed, the negligence to be shown is different in kind not merely in degree from a lack of ordinary care."

See footnote 189 Mass. 273.