CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY *v.* VAN STONE.

[No. 9,611.   Filed June 18, 1918.]

1. NEGLIGENCE.—*Damage to Personal Property.—Action.—Pleading. —Negativing Contributory Negligence.*—In an action to recover damages for injury to personal property, the complaint must negative contributory negligence. p. 50.

2. NEGLIGENCE.—*Damage to Personal Property.—Negligence of Agent.*—In an action for damages to plaintiff's automobile sustained in a collision on a railroad crossing while the machine was being driven by plaintiff's agent, the negligence of the driver, if any, was the negligence of plaintiff. p. 50.

3. RAILROADS.—*Crossing Accidents.—Action.—Complaint.—Contributory Negligence.*—The rule that a person approaching a railroad crossing is bound to see what he could have seen and to hear what he could have heard is only applicable where it appears that the person charged with the exercise of care is so situated that he could see the train in time to escape injury and there was no excuse for failure to see or hear, and a complaint, in an action for damages to an automobile in a crossing accident, alleging that the driver "slowed down and looked and listened," but could neither see nor hear the train, sufficiently negatives contributory negligence. pp. 50, 51.

4. RAILROADS. — *Crossing Accidents. — Negligence. — Contributory Negligence.—Presumptions.*—A person injured at a railway crossing by collision is not aided by a presumption of freedom from fault, nor is the railroad company aided by a presumption of contributory negligence. p. 51.

5. RAILROADS. — *Negligence. — Actions. — Defenses.—Operation by*

*Receiver.*—Where an action is brought against a railroad company for damages based on negligence in operating its road, it is a sufficient defense to show that the road at such time was in the possession and control of a receiver who had exclusive charge of the employment and management of the agents and employes operating the railroad. p. 52.

6. RAILROADS. — *Negligence.* — *Action.* — *Defenses.* — *Operation of Road by Receiver.*—In an action for damages to property in a railroad crossing collision, alleged to be due to the negligent operation of its road by the railroad company, a mere showing that the road was being operated by receivers at the time of the accident is a sufficient defense, and it is unnecessary for defendant to prove that the receivers had qualified. p. 54.

7. RAILROADS.—*Negligence.*—*Action.*—*Defenses.*—*Pleading Receivership.*—In an action against a railroad company for damages to property in a crossing accident, alleged to be due to the negligent operation of the road, it is unnecessary to raise the defense that the road was being operated by receivers by special answer. p. 55.

From Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

Action by Roxy M. Van Stone against the Chicago and Eastern Illinois Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John E. Iglehart, Edwin Taylor, Eugene H. Iglehart* and *James W. Emison,* for appellant.

*Charles Unger* and *James M. House,* for appellee.

BATMAN, J.—This is an action by appellee to recover damages on account of injuries to her automobile, alleged to have been caused by appellant in the operation of its passenger train in the city of Vincennes, Indiana. The complaint on which the cause was tried alleges, among other things, that appellant was a corporation, and for many years had been operating a railroad through said city on and over Eleventh street and its crossing with Buntin street,

both being public thoroughfares in a thickly populated portion thereof; that on February 23, 1914, one Bailey, while in the employ of appellee and engaged in operating an automobile for her, was proceeding down Buntin street in a careful and prudent manner toward the crossing of said street, at a speed of about six miles per hour; that at said time a passenger train, owned and operated by appellant, was approaching the crossing at a speed of forty miles per hour, to the danger of the general public using the crossing; that said speed was greater than was reasonable and proper, and was in violation of an ordinance of said city restricting the speed of trains to ten miles per hour; that the agents and employes of appellant in charge of the train negligently and carelessly failed to look ahead or see the approaching automobile, and failed to ring any bell or give any warning of the approaching train, or to check the speed thereof, or to use any means to prevent a collision; that said Bailey at all times used proper care and caution, slowed down, and looked and listened, but, failing to see or hear the train, proceeded to cross appellant's railroad track at said crossing; that by reason of the premises, and without fault on her part or of said Bailey, the train was run upon and against appellee's automobile, because of the careless and negligent manner in which the train was operated at said point, completely destroying the same to her damage. Appellant filed a demurrer to this complaint for want of facts, which was overruled, and then filed an answer in general denial. The cause was tried by a jury, which returned a verdict in favor of appellee, on which judgment was rendered. Appellant filed a motion for a new trial,

which was overruled, and has assigned the action of the court in overruling its demurrer to the complaint and in overruling its motion for a new trial as the sole errors on which it relies for reversal.

Appellant's main contention, in regard to the action of the court in overruling its demurrer to the complaint, is based on an alleged absence of any averment showing that appellee was free from contributory negligence. It may be conceded, as contended by appellant, that, this being an action to recover damages for injury to personal property, the complaint must negative contributory negligence, and that under the allegations of the complaint the negligence of the driver of the automobile, if any, was the negligence of appellee. Appellant insists, in support of its contention, that the charge that the damage inflicted without fault on her part, or on the part of her servant operating the automobile, but because of the careless and negligent manner in which appellant's train was operated, does not show appellee to have been without fault. It further insists that if it can be deduced from the complaint that appellee's said servant did not know of the approaching train, such fact would not be sufficient for such purpose. It should be noted, however, that the complaint alleges the further fact that the driver of said automobile "then and there, all the time, used proper caution, and slowed down and looked and listened, but failed to see any train, and then proceeded to cross said railroad at said intersection of Buntin and Eleventh streets." Appellant seeks to invoke the rule that a person approaching a railroad crossing is bound to see what he could have seen and to hear what he could

have heard. This principle, however, is only applicable where it appears that the person charged with the exercise of care is so situated that he could see the train in time to escape injury, with nothing to excuse his failure to see or hear. *Grand Trunk, etc., R. Co.* v. *Reynolds* (1910), 175 Ind. 161, 92 N. E. 733, 93 N. E. 850. The allegations of the complaint do not show, or furnish a basis for an inference, that appellee's servant was in such a position before the accident that he could have seen or heard the approaching train in time to escape injury, with nothing to excuse his failure to look or hear, but specifically alleges that at all times he exercised proper caution, "slowed down and looked and listened." Appellant also

4. insists that there is a presumption of contributory negligence against the driver of the automobile, and that this, with the failure to aver that he could not see and hear the approaching train, makes the complaint insufficient. There was no presumption against the driver of the automobile as claimed by appellant. A person injured or damaged at a railway crossing by collision is not aided by a presumption of freedom from fault, nor is the railway company aided by a presumption of contributory negligence. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499; *Grand Trunk, etc., R. Co.* v. *Reynolds, supra.* We are of the opinion that the complaint sufficiently charges that the

3. failure to see or hear the approaching train in time to avoid the collision was due to appellant's negligence in operating its train at a dangerous rate of speed in violation of a city ordinance, and in failing to ring any bell or give any warning of its

approach, and that appellee was free from fault. The demurrer was properly overruled.

The record discloses that at the close of the evidence and before the beginning of the argument appellant requested the court to instruct the jury in writing, and tendered certain instructions with a request that they be given. Among these instructions was No. 1, which reads as follows: "The court instructs the jury to return a verdict for the defendant." The court refused to give this instruction, and appellant assigned this ruling as one of its grounds for a new trial. Appellant contends that the court erred in refusing to give this instruction for the reason that the complaint is based on acts of negligence alleged to have been committed by it in the operation of its line of railroad through said city of Vincennes, while the uncontradicted evidence shows that appellant was not operating the railroad at the time of the commission of said negligent acts, but that it was in the hands of receivers, who were operating the same. The law appears to be well settled that, where an action is brought against a railroad company for damages based on negligence in operating its road, it is a sufficient defense to show that the road at the time of the commission of the alleged negligent act was not in its possession and control, but was in the possession and control of a receiver, who had exclusive charge of the employment and management of the agents and employes engaged in operating such railroad. *Ohio, etc., R. Co.* v. *Davis* (1864), 23 Ind. 553, 85 Am. Dec. 477; *Bell* v. *Indianapolis, etc., R. Co.* (1876), 53 Ind. 57; *State* v. *Wabash R. Co.* (1888), 115 Ind. 466, 17 N. E. 909, 1 L. R. A. 179; *Godfrey* v. *Ohio, etc., R. Co.*

(1888), 116 Ind. 30, 18 N. E. 61; High, Receivers (4th ed.) §396; *Naglee* v. *Alexandria, etc., R. Co.* (1887), 83 Va. 707, 3 S. E. 369, 5 Am. St. 308, and note. On the trial appellee did not offer any evidence to show who was operating the railroad at the time of the accident. Appellant introduced in evidence a certified copy of an order of the District Court of the United States, made on May 27, 1913, in a cause then pending therein against it. By this order William J. Jackson and Edwin W. Winter were appointed receivers of all the property of appellant, including all its tracks, locomotives, cars, and other rolling stock and equipment of every kind, and were directed to take immediate possession of the same, to use and manage it, and conduct the business of the company in such manner as in their judgment would produce the best results. Said receivers were also given authority to exercise the franchises of the company and to operate its railroads, and to that end to employ and discharge all officers, attorneys, managers, superintendents, agents and employes, and to fix the compensation thereof. The order also provided that all persons, firms, and corporations having in their possession any of the property and premises of the company of which receivers were thereby appointed were directed to deliver the same to said receivers. It also restrained and enjoined appellant, and its officers, directors, agents, attorneys, employes, and all persons claiming to act by virtue of, or under the authority of, appellant from interfering with, or disturbing, any portion of the property or premises for which said receivers were appointed. It further provided that said receivers should retain possession of the said property of appellant and discharge the

duties of their said trust until the further order of the court. E. R. Glidden was introduced as a witness by appellant, and testified in part substantially as follows: I am superintendent of the Chicago and Eastern Illinois Railroad for its receivers. I have been acting as such since June 15, 1913, and was so acting on February 23, 1914. The portion of said railroad for which I have been so acting extends between Evansville and Terre Haute, and passes through the city of Vincennes, and was so located on said last-named date. At that time appellant was not operating said portion of its railroad, but it was managed and controlled by Edwin W. Winter and W. J. Jackson, receivers. It had been so operated from the date of their appointment to the present time, including February 23, 1914. This evidence was not contradicted. It was further shown that the injury in question was inflicted on the last-named date. It thus became an undisputed fact at the close of the evidence that appellant was not operating that portion of its railroad which passed through Vincinnes, Indiana, where the alleged negligent act was committed, but that it was in the possession of receivers and being operated by them.

But appellee contends that there is no showing that appellant's property was in the hands of receivers, as there was no evidence that those named in the order of appointment had been qualified and had taken charge of the same. True, there is no evidence showing their qualification, but there is ample evidence that they had taken possession of that part of appellant's railroad, which runs through the city of Vincennes where the alleged negligence occurred, and was operating the same at the

time of the accident in question. Whether or not they had actually qualified is not a controlling fact. The important question is, Was the railroad at the time actually in the possession of, and being operated by, appellant? If it was not, it is not answerable for the negligence charged. Thus it has been held that a steamship company would not be liable for negligence in transporting merchandise, while its property was in the possession of, and being operated, by a receiver, although the order appointing such receiver might be void. *Ocean Steamship Co.* v. *Wilder & Co.* (1899), 107 Ga. 220, 33 S. E. 179. It is apparent that where receivers are attempting to assert some rights as such their qualification might become an important factor, but such is not the case here. Appellant also insists that the question under consideration could only be raised by a special answer. This contention is not well taken, as expressly held in the case of *Ohio, etc., R. Co.* v. *Davis, supra.* Under the facts of this case, as established by the undisputed evidence, appellee was not entitled to recover, and the court erred in refusing to give the jury instruction No. 1 tendered by appellant.

Appellant has presented other alleged errors which it is not necessary to consider under the conclusion we have reached. Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 119 N. E. 874. See under (1) 29 Cyc 575; (2) 29 Cyc 545; (3) 33 Cyc 1060; (4) 33 Cyc 1070; (5, 6) 33 Cyc 622, 722; (7) 33 Cyc 730. Railroads: care required of driver of automobile at railroad crossing, 21 L. R. A. (N. S.) 794, 29 L. R. A. (N. S.) 924, 46 L. R. A. (N. S.) 702.