BENJAMIN BANKS *vs.* HAMMOND BRAMAN.

Suffolk.    March 24, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence*, Gross.

To establish gross negligence on the part of a defendant, the plaintiff must show intentional conduct of the defendant having a tendency to injure others which is known or ought to be known to the defendant, accompanied by a wanton and reckless disregard of its probable harmful consequences.

Where the liability of a defendant depends upon showing gross negligence it must be explained clearly to the jury that the negligence to be shown is different in kind not merely in degree from a lack of ordinary care.

TORT, for injuries from being struck by an automobile driven by the defendant on Mount Auburn Street in Cambridge near its intersection with Belmont Street shortly after eight o'clock on the evening of May 17, 1903.   Writ dated November 18, 1903.

At the trial in the Superior Court before *Aiken*, C. J. the jury

returned a verdict for the plaintiff in the sum of $3,750 ; and the defendant alleged exceptions, raising the questions stated by the court.

*B. D. Hyde*, for the defendant.

*J. L. Hall*, (*D. E. Mook* with him,) for the plaintiff.

KNOWLTON, C. J. This is an action to recover for injuries received from being struck by an automobile alleged to have been negligently run at an excessive rate of speed, and negligently managed by the defendant. The case was submitted to the jury on two alleged grounds of liability : one, that the defendant, with gross negligence, wantonly and recklessly injured the plaintiff, and the other that the plaintiff was in the exercise of due care, and that the injury was due to the defendant's negligence. On the first claim the judge instructed the jury as follows : " Gross negligence is great negligence. To make out the proposition of gross negligence, you must be satisfied that the way the machine was operated by Braman was reckless, was careless to the degree of recklessness; that it was run with a reckless disregard to the rights of Banks in this street. If that is established, namely, that there was a reckless disregard of the rights of Banks in the way this machine was run, then Banks is not required to show that he was himself in the exercise of due care. If the way — I repeat this for the purpose of plainness perhaps unnecessarily — if the manner in which the machine — the automobile, I mean by the machine — was run on the occasion of this accident was such that it was grossly negligent, that is, careless to such a degree that you can say it was reckless, using your common sense and judgment, and applying them to the evidence, then Banks is not required to show that he was in the exercise of due care; because if the defendant's carelessness was gross in the sense that has been defined to you, there is an obligation to pay damages independent of the matter of due care." The defendant excepted to this instruction. The jury were instructed as to the liability for a failure to exercise ordinary care, but there was no fuller statement of the law on this branch of the case.

The question is whether the difference between the two kinds of liability was sufficiently pointed out to give the jury an adequate understanding of it. The difference in culpability of the defendant, which distinguishes these different kinds of liability,

is something more than a mere difference in the degree of inadvertence. In one case there need be nothing more than a lack of ordinary care, which causes an injury to another. In the other case there is wilful, intentional conduct whose tendency to injure is known, or ought to be known, accompanied by a wanton and reckless disregard of the probable harmful consequences from which others are likely to suffer, so that the whole conduct together, is of the nature of a wilful, intentional wrong. The subject was discussed at length in *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, 271, and a part of the language used in the opinion is as follows : " It is equally true that one who wilfully and wantonly, in reckless disregard of the rights of others, by a positive act or careless omission exposes another to death or grave bodily injury, is liable for the consequences, even if the other was guilty of negligence or other fault in connection with the causes which led to the injury. The difference in rules applicable to the two classes of cases results from the difference in the nature of the conduct of the wrongdoers in the two kinds of cases. In the first case the wrongdoer is guilty of nothing worse than carelessness. In the last he is guilty of a wilful, intentional wrong. His conduct is criminal or quasi criminal. If it results in the death of the injured person, he is guilty of manslaughter. *Commonwealth* v. *Pierce,* 138 Mass. 165. *Commonwealth* v. *Hartwell,* 128 Mass. 415. The law is regardful of human life and personal safety, and if one is grossly and wantonly reckless in exposing others to danger, it holds him to have intended the natural consequences of his act, and treats him as guilty of a wilful and intentional wrong. It is no defence to a charge of manslaughter for the defendant to show that, while grossly reckless, he did not actually intend to cause the death of his victim. In these cases of personal injury there is a constructive intention as to the consequences, which, entering into the wilful, intentional act, the law imputes to the offender, and in this way a charge which otherwise would be mere negligence, becomes, by reason of a reckless disregard of probable consequences, a wilful wrong. That this constructive intention to do an injury in such cases will be imputed in the absence of an actual intent to harm a particular person, is recognized as an elementary principle in criminal law. It is also recognized in civil actions

for recklessly and wantonly injuring others by carelessness." In dealing with the same subject in *Bjornquist* v. *Boston & Albany Railroad*, 185 Mass. 130, 134, the court said : " The conduct which creates a liability to a trespasser in cases of this kind has been referred to in the books in a variety of ways. Sometimes it has been called gross negligence and sometimes wilful negligence. Plainly it is something more than is necessary to constitute the gross negligence referred to in our statutes and in decisions of this court. The term ' wilful negligence ' is not a strictly accurate description of the wrong. But wanton and reckless negligence in this class of cases includes something more than ordinary inadvertence. , In its essence it is like a wilful, intentional wrong. It is illustrated by an act which otherwise might be unobjectionable, but which is liable or likely to do great harm, and which is done in a wanton and reckless disregard of the probable injurious consequences." The ground on which it is held that, when an act of the defendant shows an injury inflicted in this way, the plaintiff need introduce no affirmative evidence of due care, is that such a wrong is a cause so independent of previous conduct of the plaintiff, which, in a general sense, may fall short of due care, that this previous conduct cannot be considered a directly contributing cause of the injury, and, in reference to such an injury, the plaintiff, without introducing evidence, is assumed to be in a position to claim his rights and to have compensation. So far as the cause of his injury is concerned, he is in the position of one who exercises due care. *Aiken* v. *Holyoke Street Railway, ubi supra.*

It is not easy to explain to a jury the nature of this liability. What was said by the judge in this case comes very near to a correct statement of the law. But it lacks something in fulness, and we think the jury may have understood that negligence somewhat greater in degree than a mere lack of ordinary care or a simple inadvertence, but not different from it in kind, would constitute the gross negligence referred to. We are of opinion that when there is an attempt to establish this peculiar kind of liability, which exists independently of a general exercise of due care by the plaintiff, the jury should be instructed with such fulness as to enable them to know that they are dealing with a wrong materially different in kind from ordinary negligence.

Because we think the instruction may have left the jury with a misunderstanding of the law, the exceptions are sustained.

We are of opinion that there was evidence which justified the submission of the case to the jury on this ground, as well as on the ground that the plaintiff was in the exercise of due care.

*Exceptions sustained.*