JOHN DOLPHIN, administrator, *vs.* WORCESTER CONSOLI-
DATED STREET RAILWAY COMPANY.

Worcester.    October 2, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.    Street Railway.*

It is no evidence of negligence on the part of a street railway company, that it has
failed to adopt a rule requiring that, when one of its open cars is passing around
a sharp curve, the conductor should push down the wooden bar on the outer
side of the curve which is designed to prevent passengers from getting off on
the inner side of the car where there are double tracks.

In an action against a street railway company under R. L. c. 111, § 267, for caus-
ing the death of a passenger by reason of the alleged gross negligence of the
defendant's servants, the judge should refuse a request of the plaintiff to in-
struct the jury that " when the duty of exercising the highest degree of care is
incumbent upon the defendant, any failure upon the part of its servants to
exercise that degree of care is gross negligence," such a failure being slight
negligence.

In an action against a street railway company under R. L. c. 111, § 267, for caus-
ing the death of a passenger, by reason of the alleged gross negligence of the
defendant's servants, the term "gross negligence" means a gross failure to
exercise the highest degree of care, and a request of the plaintiff to instruct the
jury that in such a case where the highest degree of care is required the term
"gross" is merely an expletive, should be refused.

In an action against a street railway company under R. L. c. 111, § 267, for caus-
ing the death of a passenger by reason of the alleged gross negligence of the
defendant's servants, a request of the plaintiff to instruct the jury that there
are no degrees of negligence should be refused, as the statute creates such a
distinction.

THE following statement of the case is taken from the opinion
of the court:

This is an action of tort under R. L. c. 111, § 267, for the
death of a passenger on a street railway.

The plaintiff's case was that his intestate while sitting in an
open electric car was thrown out, by the car being driven round
a curve at a high rate of speed while a wooden rail was up which
runs along the outside of the stanchions supporting the roof of
the car and which is lowered to prevent passengers getting off or
raised to allow them to do so.    It appeared that the curve was a
very sharp one, having a radius of fifty-three and five tenths feet,
and was in the busiest part of the town of Clinton; also that the

track was a single track. It also appeared that the conductor did not warn the intestate not to get off. The plaintiff put in evidence the following rules of the defendant railway:

" Rule 99. The speed of cars on sharp curves, frogs, switches and cross-overs must not exceed three miles per hour." " Rule 44. Conductor's signal to stop car, except in cases of emergency must be given by him in ample season to allow motorman to make such stop at the nearest stopping place." " Rule 41. Three bells — to stop instantly." " Rule 43. (last part.) Exercise especial care for women, children, infirm or aged persons." " Rule 34. (Conductors.) Notify passengers desiring to leave car not to do so until the car has come to a full stop, and then from the right hand side only. Extreme care in this respect is necessary on open cars as there is great danger in leaving a car from the left hand side."

One of the plaintiff's witnesses testified that the car at the time of the accident was going around the curve at the rate of five or six miles an hour.

The defendant's case was that after giving a signal to stop the car at a stopping post beyond the curve and while the car was going from three to three and one-quarter miles an hour, the plaintiff's intestate got down on the running board and stepped off the car, with her back to the front of it.

The plaintiff asked, among others, for the following rulings:

" 1. If the jury find from all the evidence that the plaintiff's intestate left or was thrown from the car in consequence of the negligence of the defendant corporation, and came to her death by reason of that negligence, and also find that she was at fault and that the want of care on her part contributed to her injury, nevertheless the plaintiff may recover.

" 2. If the jury find that the defendant corporation should have provided barriers to prevent passengers from alighting from the left side of the car at this particular place, and did not do so, or if, having provided such barriers, that the defendant corporation failed to instruct its servants to so place them as to guard against and prevent any possible danger, so far as practicable, then the corporation was negligent, and the plaintiff may recover, if the jury consider her death attributable to such neglect."

" 6. When the duty of exercising the highest degree of care

is incumbent upon the defendant, any failure upon the part of its servants to exercise that degree of care is gross negligence.

" 7. The term ' gross ' in the allegation gross negligence, when used with reference to the degree of care required and not fulfilled, is merely an expletive, when the degree of care required is the very highest.

" 8. There are no degrees of negligence."

The plaintiff excepted to the refusal of the judge to give the rulings requested, and to such parts of the charge as were in conflict with them. The defendant had a verdict, and the case is here on these exceptions.

*E. J. Melanefy*, (*J. H. Mathews* with him,) for the plaintiff.

*C. C. Milton*, for the defendant.

LORING, J. [After the foregoing statement of the case.] 1. The judge was right in refusing to give the first and second rulings asked for. There was no evidence of negligence on the part of the corporation. The plaintiff's argument here is that the injury would not have happened as he claimed it happened if the railing had been down. That may be conceded. But that is not the question. The question is whether it was negligence on the part of the corporation to have failed to adopt a rule requiring the railing on that side of the car which is on the outer side of the curve to be put down when one of its cars is going around curves like the curve here in question. The corporation had provided by rule for a speed not exceeding three miles an hour on sharp curves. It is manifest that the railings in question were intended to prevent passengers from leaving a car on the inner side where there are double tracks. In our opinion there is no such probability of a passenger's being thrown bodily out of his seat while the car is going round a curve as to require the corporation in the exercise of the highest degree of care to adopt a rule which should ensure his being held in his seat by physical force. *McKimble* v. *Boston & Maine Railroad*, 139 Mass. 542; *S. C.* 141 Mass. 463, cited by the plaintiff, does not help him.

2. The judge was right in refusing to give the sixth ruling asked for. A failure to exercise the highest degree of care is slight negligence.

3. The seventh ruling requested was wrong. The term " gross negligence " in a case where the degree of care due is the highest

degree of care means that there has been a gross failure to exercise that degree of care.

4. There are degrees of care in cases under R. L. c. 111, § 267, by force of that act.*

*Exceptions overruled.*

---

* That the wanton and reckless disregard of consequences which makes a defendant liable at common law to a plaintiff not in the exercise of due care is something more than negligence gross in degree, see *Banks* v. *Braman*, 188 Mass. 367.