MARY E. MORAN, administratrix, *vs.* MILFORD AND UXBRIDGE STREET RAILWAY COMPANY.

Worcester. October 2, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence. Street Railway.*

In an action against a street railway company under R. L. c. 111, § 267, for causing the death of the plaintiff's intestate, it appeared that the intestate was nearly seventy years of age, that at about half after ten o'clock in the evening he was seen standing at a corner of the street where the accident happened looking up and down the street, and next was seen going over the cross walk which led across the tracks, that he had crossed one track and had reached the

other when he was struck and killed by a car of the defendant. It was undisputed that at the corner where the accident occurred the number of travellers with teams at that time in the evening was so great as to require close observation to ascertain which way they were going. There was conflicting testimony on which it could·have been found that the street was well lighted by an electric arc light and that on coming within one hundred and fifty feet of the place of the accident the motorman saw the intestate standing on the curbing at the corner and did not see him again until he was in front of the car, that the gong was not rung, that the rate of speed was at least ten miles an hour, and that if the motorman, instead of concentrating his attention upon the volume of public travel on the side of the street where the plaintiff's intestate was, had included in his general observation the entire area from curb to curb, and also had rung the gong seasonably, the accident might have been avoided. *Held,* that, assuming without deciding it, that there was evidence for the jury of due care on the part of the plaintiff's intestate, there was no evidence of negligence on the part of the defendant in employing or retaining the motorman as a servant, in the absence of proof of previous misconduct showing unfitness; and that, even if the acts and omissions of the motorman would have been evidence of negligence on his part in an action brought by the intestate had he survived, they were not evidence of gross negligence of a servant of the defendant within the meaning of the statute.

BRALEY, J. This is an action of tort brought under R. L. c. 111, § 267, for causing the death of the plaintiff's intestate, who was killed by coming into collision with a car of the defendant on the evening of October 27, 1904, while as a traveller he was passing across its railway tracks located in Main Street in the town of Milford. In the Superior Court upon the close of the plaintiff's evidence, at the request of the defendant the presiding judge ordered a verdict in its favor, which having been returned, the plaintiff brings the case to this court on exceptions.

The intestate, who was nearly seventy years of age, at about half after ten o'clock in the evening was seen standing at the corner of the intersection of Central Street with Main Street, and after " looking up and down the street" was next observed going along the cross walk which led across the tracks. He had passed the easterly track and apparently had reached the westerly track, over which the defendant's car was approaching going south, when he was struck by the car and killed. It substantially could have been found that the street was well lighted by an electric arc light, and that upon coming within one hundred and fifty feet of the place of collision the motorman saw the intestate standing on the curbing at the corner, and did not

again see him until he was in front of the car. After its intersection with Main Street the continuation of Central Street was known as Exchange Street, and it was undisputed that the number of travellers with teams was so large at this point at that time in the evening as to require close observation to ascertain whether they were passing from Exchange Street into Main Street. It also appeared that because of a projecting building a full view of this corner could not be obtained until the car was nearly opposite. The motorman testified that, by reason of these conditions, although he rang the gong when he first saw the plaintiff's intestate, as the car approached he fixed his attention upon this portion of the street to avoid accidents, and did not observe him after he started to cross the tracks, but if he had noticed him on the crossing the car, which at this time was not being driven over four or five miles an hour, could have been stopped in time to prevent the accident. There was evidence, however, in conflict with parts of this statement by witnesses who were of opinion that the rate of speed was at least ten miles, while one witness in the immediate neighborhood who saw the car as it approached, and witnessed the collision, testified that he did not hear the gong sounded.

Assuming, without deciding, that there was evidence for the consideration of the jury of the due care of the decedent, the action cannot be maintained unless some proof is found either of the negligence of the defendant, or of the gross negligence of its servant, who at the time was in charge of the car. *Coleman v. Lowell, Lawrence & Haverhill Street Railway,* 181 Mass. 591. *McCrohan* v. *Davison,* 187 Mass. 466. *Hennessey* v. *Taylor,* 189 Mass. 583. *Spooner* v. *Old Colony Street Railway,* 190 Mass. 132. As neither the track nor the car and its equipment are shown to have been defective, a suggestion is offered that the motorman was incompetent to perform his duties. The only evidence of alleged incompetency to which the plaintiff refers is his conduct at the time of the accident in not continuously observing the intestate, and a failure to give any warning, or to apply more promptly the brake for the purpose of stopping the car. These acts, even if they could be characterized as contended, are not sufficient to charge the defendant with negligence in employing and retaining an unfit servant with-

out further proof of previous misconduct showing unfitness, which does not appear. *Olsen* v. *Andrews*, 168 Mass. 261, 265. Nor is there any evidence of gross negligence of the motorman.

The jury could have found from the conflicting testimony that the gong was not rung, and that the velocity exceeded the rate stated by the motorman, and that, if instead of concentrating his attention upon the volume of public travel on that side of the street the motorman in the exercise of ordinary care had included in his general observation the entire area from curb to curb and also had seasonably rung the gong, the accident might have been avoided. *Menard* v. *Boston & Maine Railroad*, 150 Mass. 386. *Brusseau* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 84. *Dalton* v. *New York, New Haven, & Hartford Railroad*, 184 Mass. 344. But if the rate of speed and these acts of omission could have been found sufficient to constitute negligence on the part of the defendant which would have sustained an action by the intestate if he had survived, they were not, even when combined, enough to establish such wanton and reckless conduct as to amount to gross negligence within the meaning of the statute as defined in recent cases. *Galbraith* v. *West End Street Railway*, 165 Mass. 572. *Banks* v. *Braman*, 188 Mass. 367. *Spooner* v. *Old Colony Street Railway*, 190 Mass. 132. *Dolphin* v. *Worcester Consolidated Street Railway*, 189 Mass. 270.

No error being found in the ruling the entry must be

*Exceptions overruled.*

*J. B. Ratigan, J. E. Swift & J. J. Moynihan, Jr.,* for the plaintiff.

*W. Williams, J. C. F. Wheelock & G. B. Williams,* for the defendant.