HARRY W. WILLIS vs. BOSTON AND NORTHERN STREET
RAILWAY COMPANY.

Middlesex.   March 14, 15, 1911. — May 17, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence*, Street railway, Reckless and wilful misconduct.

In an action against a street railway corporation for personal injuries from being
run into by an electric car of the defendant, it appeared that the accident took
place between 12.30 and 1 P. M. on a pleasant day in June upon the main street
of a small country village along which cars of the defendant were accustomed
to run "pretty fast," that the car was going down a hill toward an intersecting
street, that, when about seven hundred feet from the cross street, the motorman
had seen the plaintiff proceeding from the main street into the intersecting
street and had lost sight of him, that the motorman kept his eyes and attention
on the track before him but did not sound a whistle or ring a gong, although the
car was provided with both and a rule of the defendant required him to do so in
approaching a cross street, that when about one hundred feet from the cross
street he saw the plaintiff returning and about to cross the tracks and that,
although he at once applied air brakes and reversed his power, he was unable
to stop the car until it had struck the plaintiff, had hurled him forty feet and had
continued on its course over a level track with the air brakes set for about two
hundred and ten feet.   There was no evidence that the plaintiff was in the
exercise of due care.   *Held*, that the excessive speed of the car and the failure
to sound the whistle or gong were not evidence of such wilful misconduct and
such wanton and reckless disregard of the probable harmful consequences of his
acts on the part of the motorman as to entitle the plaintiff to go to the jury
without evidence of due care on his part.

TORT for personal injuries from being run into by an electric
car of the defendant between twelve and one o'clock in the after-
noon of June 4, 1907, at or near the crossing of Main Street and
Park Street in North Reading.   Writ dated October 3, 1907.

In the Superior Court the case was tried before *Hardy*, J.
An exception by the defendant to a refusal of the presiding
judge to rule that there was no evidence for the consideration of
the jury on the first count of the declaration was sustained by
this court in a decision reported in 202 Mass. 463.

The second count of the declaration, to which alone these
exceptions relate, was as follows:

" And the plaintiff says that the defendant is a street railway
corporation and runs its cars over the State highway, so called,

in North Reading aforesaid, and on June 4, 1907, the plaintiff being then and there a pedestrian on the public highway, was injured . . . by the gross recklessness and culpable negligence of the defendant's servant in charge of one of its cars, said negligence consisting in the reckless and wilful overspeeding of said car combined at the same time with a wilful neglect to sound a warning bell or whistle and a wilful neglect to maintain a watch or lookout when approaching the intersecting public street from which the plaintiff was passing into said State highway, the view of an approaching car from said intersecting street being obscured and shut off by trees and foliage."

On the question of whether the conduct of the motorman of the car amounted to such wilful misconduct and wanton and reckless disregard of the probable harmful consequences of his acts as to render the defendant liable although the plaintiff was not in the exercise of due care, which is the only question raised by these exceptions, there was evidence tending to show that the motorman, as the car proceeded on Main Street down a hill approaching Park Street, permitted it to go very fast; that when seven hundred feet from the crossing of the two streets the motorman had seen the plaintiff driving his horses down Main Street and disappearing into Park Street, and that the motorman did not sound any whistle or gong as he approached Park Street although the rules of the company required him to do so. The motorman testified that he considered the corner " a rather dangerous corner." When the motorman was about one hundred feet from the place of the accident, he saw the plaintiff returning and again about to cross the track, and tried to stop the car with the use of the air brake and the reverse, but was unable to do so until after the horses had crossed the track, the car had struck the plaintiff, had hurled him about forty feet and then had continued on its course with the air brakes set for about two hundred and ten feet over a level track.

Other facts are stated in the opinion.

At the close of the evidence, besides making the ruling permitting the first count of the declaration to go to the jury, an exception to which by the defendant was sustained, as previously stated, the presiding judge ordered a verdict for the defendant on the second count; and the plaintiff alleged exceptions.

*J. E. Hannigan,* for the plaintiff.

*E. P. Saltonstall,* (*C. W. Blood* with him,) for the defendant.

MORTON, J.  This is an action of tort for personal injuries. There are two counts in the declaration.  The first alleges that the plaintiff was in the exercise of due care and that the defendant's servants were negligent.  The second count contains no averment of the plaintiff's due care but alleges, as the bill of exceptions states, " gross negligence " on the part of the servants of the defendant.  The case was before this court in 202 Mass. 463, on the defendant's exceptions to the refusal of the presiding judge to rule that on all the evidence the plaintiff could not recover.  At that trial the presiding judge directed a verdict for the defendant on the second count, but refused to rule that the plaintiff could not recover on the other count.  The plaintiff excepted to this ruling, but as the jury returned a verdict for him on the first count it did not then become necessary for him to prosecute his exceptions to the ruling in regard to the second count.  The defendant's exceptions were sustained on the ground that the plaintiff was not in the exercise of due care.  This rendered it necessary for the plaintiff to prosecute his exceptions in regard to the ruling on the second count and those are the exceptions which are now before us.  The question is whether the judge was wrong in ruling that there was no evidence of negligence under the second count.

We think that the ruling was right.  The negligence that must be shown in order to warrant a verdict in his favor where the plaintiff was not in the exercise of due care differs not merely in degree but in kind from ordinary negligence.  *Banks* v. *Braman,* 188 Mass. 367.  *Fitzmaurice* v. *New York, New Haven, & Hartford Railroad,* 192 Mass. 159, 162, note.  In order to warrant a verdict against the defendant, the plaintiff himself not being in the exercise of due care, there must be evidence tending to show conduct on the part of the motorman which was wilful and which he knew or ought to have known would tend to cause injury, and which was accompanied by a wanton and reckless disregard of the probable harmful consequences to others.  *Banks* v. *Braman, supra.*

The evidence falls far short, it seems to us, of establishing such conduct.  The accident occurred in broad daylight, be-

tween half past twelve and one o'clock on June 4, 1907. The day was pleasant. There was nothing unusual in the weather. The road was straight for some seventeen hundred feet from the place of the accident, in the direction in which the car was coming. The scene of the accident was the main street of a small country village, with such travel upon it and upon the road which crossed it as naturally might be expected. If it was not common, it was, at least, not unusual for cars to run " pretty fast," as the plaintiff testified, along the piece of road where the accident occurred. There was nothing to show that the attention of the motorman was diverted from his car or that he was not attending strictly to the running of it although he may have been driving it considerably faster than he ought to have driven it. Until he got to Park Street there was for quite a distance no cross street. From a point several hundred feet away he had, as he testified, seen the plaintiff cross the road and had no reason to suppose that he would return, or that if he did, he or anybody else coming out of Park Street would not take proper care to avoid an accident. There was nothing in the time of day or the state of the weather or the amount of travel to call for unusual and extraordinary care on the part of the motorman. Under these circumstances we do not think that his failure to sound the gong or blow the whistle and the excessive speed at which there was evidence to show that the car was going was sufficient to establish negligence of the sort which the plaintiff was required to show in order to recover. See *Moran* v. *Milford & Uxbridge Street Railway*, 193 Mass. 52. The case differs from *Ingraham* v. *Boston & Northern Street Railway*, 207 Mass. 451, and *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104, and other cases relied on by the plaintiff.

*Exceptions overruled.*