ANDREW E. COLE *vs.* L. D. WILLCUTT AND SONS COMPANY.

Suffolk.   March 11, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Licensee, As to unfinished stairway.

If a contractor, under a contract in writing with the owner of a building, is engaged in constructing a flight of stairs extending from the first floor of the building to the basement, the contract reserving no right to the owner of the building for the benefit of such owner or of other contractors to interfere with

such contractor's exclusive possession and control of the stairs until their completion, and if the workmen of other contractors in going to and from the basement sometimes use an elevator operated by the owner of the building and at other times make use of the unfinished stairs during their construction, the contractor building the stairs by mere passive acquiescence in such use of the stairway by the workmen of the other contractors gives them only the rights of licensees and is under no duty to them except to refrain from doing them wilful injury and from wantonly or recklessly exposing them to danger.

TORT for personal injuries sustained by the plaintiff on September 26, 1910, from a fall caused by stepping on a baluster on a stairway, in the Rich Building at the corner of Franklin Street and Devonshire Street in Boston, such stairway being then in process of construction by and under the control of the defendant, and the plaintiff being a plumber in the employ of another independent contractor, who was doing the plumbing work in the building. Writ dated October 3, 1910.

In the Superior Court the case was tried before *Dana,* J. The material facts shown by the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to make certain rulings, of which the sixth was as follows:

"6. The plaintiff used the stairs not by invitation of the defendant, but as a licensee, and the only duty which the defendant owed him was to refrain from doing him wilful injury or setting a trap for him."

The judge refused to make this and other rulings requested by the defendant, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,050. The defendant alleged exceptions.

*F. P. Garland,* (*B. Berenson* with him,) for the defendant.

*H. D. McLellan,* for the plaintiff, submitted a brief.

DE COURCY, J. The controlling issue in this case is whether the plaintiff was a mere licensee in using the stairway where he was injured; and there is no substantial conflict in the evidence so far as it bears upon this question.

The defendant had a written contract with the owners to make certain alterations in the Rich Building, including the removal and rebuilding of a flight of stairs extending from the first floor to the basement. At the time of the accident the stringers, risers, treads and newel post had been installed, and there remained to be added the hand rail, balusters, sheathing on one

side, and painting, together with the removal of the temporary boards placed upon the treads to protect them. One McKenzie, a carpenter in the employment of the defendant, was then putting up the balustrade. He had sorted the balusters, placed a long and a short one on each tread close against the riser, and had nailed the first two in their places. The stairs were not completed and turned over to the owner until some time in the month after the accident.

The plaintiff's employer had a contract with the owners to do the plumbing work, some of which was in the basement. The plumbers and the men in the employ of the defendant and of other independent contractors, in going to and from the basement, sometimes used an elevator that was operated by the owners, and at other times made use of these stairs in their transitory stages during erection. The stairs were frequently covered with rubbish, and with mortar, boards and other materials during the progress of the work being done in the building, although the plaintiff testified that he never had seen any obstructions there during the four weeks of his employment. At the time of the accident the plaintiff, on some business for his employer, was going down into the basement over these stairs, when he stepped on one of the balusters placed on the treads and fell, receiving the injuries complained of.

Under the contract for extensive alterations in the building, the entire work of replacing the old basement stairs with a new completed stairway devolved upon the defendant; and there was no provision in the contract reserving to the owner any right in himself or for the benefit of the other contractors to interfere with the defendant's exclusive possession and control of the stairs until their completion as specified. And there is no evidence that the written contract was modified on this subject, or that the owners or any one acting for or under them attempted to exercise any such control or to interfere with the exercise by the defendant corporation of its right to perform this portion of its work in such time and way as it saw fit. For a time the defendant boarded the doorway at the top of the stairs, and during some of the work a ladder was used for reaching the basement. Temporary boards were used as treads for a time; and after the permanent treads were put on they were protected by pieces of

board that were not removed until the work was finished in October, after the accident.

So far as the evidence discloses, the defendant was under no obligation to permit the plaintiff to use the stairway, and it owed him no duty to maintain the stairs in a safe and suitable condition. *Blackstone* v. *Chelmsford Foundry Co.* 170 Mass. 321. It is not contended that there was any express invitation extended by the defendant to the plaintiff to use the stairs, nor were there any circumstances shown in the nature of inducement from which such an invitation could be implied; and no benefit accrued to the defendant from the plaintiff's use. The defendant's passive acquiescence in the use of the stairway by the workmen of independent contractors who saw fit for their own convenience to use the stairs rather than the elevator, gave them as against this defendant only the rights of licensees, and imposed upon it no duty except to refrain from doing them wilful injury and from wantonly or recklessly exposing them to danger. *Blackstone* v. *Chelmsford Foundry Co. ubi supra. Hillman* v. *Boston Elevated Railway*, 207 Mass. 478, and cases cited. We are of opinion that on the evidence disclosed the defendant was entitled to the sixth ruling requested; and the entry must be

*Exceptions sustained.*