ANNA L. DEAN *vs*. BOSTON ELEVATED RAILWAY COMPANY.

CHARLES R. DEAN *vs*. SAME.

SUSAN A. HALL *vs*. SAME.

Bristol.    January 21, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Automobile. Evidence*, Presumptions and burden of proof, Public records. *Negligence*, Trespasser on highway, Reckless and wanton injury.

In actions against a corporation operating a street railway by persons who were in an automobile when it was struck by a car of the defendant, where the defendant sets up the defense that the automobile was unregistered and therefore was unlawfully on the highway, although the burden of proving this defense is upon the defendant, yet, if the defendant produces in court the records of the Massachusetts highway commission and it appears by these records, which are unattacked by the plaintiffs, that the automobile in which the plaintiffs were when they received their injuries was at that time unregistered, this warrants a ruling that as matter of law the defendant has sustained the burden of proving that the plaintiffs were trespassers upon the highway.

All the occupants of an unregistered automobile which is being operated upon a highway are trespassers there and have no rights against other travellers except to be protected from reckless and wanton injury.

If it appears, that a motorman operating a street railway car on a highway negligently failed to see an approaching automobile and, when he did see it, failed to stop his car in time to avoid a collision with it, this is not evidence of such wanton misconduct and reckless disregard of probable harmful consequences to others as will make the corporation employing him liable to occupants of the automobile who were injured in the collision but who were trespassers on the highway because the automobile was unregistered.

THREE ACTIONS OF TORT for personal injuries sustained on January 22, 1908, from a collision with a street railway car owned and operated by the defendant when the plaintiffs were travelling in an automobile owned and driven by the plaintiff Charles R. Dean at the intersection of Brookline Avenue and the Riverway parkway in Boston. Writs dated June 1, 1908.

The defendant's amended answer in each of the cases contained a general denial and an allegation that at the time of the injury the plaintiff was unlawfully on the highway because the automobile in which the plaintiff was travelling was not registered in accordance with St. 1903, c. 473, as amended by St. 1905, c. 311, St. 1906, c. 412, and St. 1907, c. 580.

In the Superior Court the cases were tried together before *Bell*, J., who ruled that the plaintiffs were not entitled to recover and ordered a verdict for the defendant in each of the cases. By consent of the parties the judge reported the cases for determination by this court.

*J. W. Cummings*, (*C. R. Cummings* with him,) for the plaintiffs.
*F. W. Knowlton*, (*A. J. Santry* with him,) for the defendant.

RUGG, C. J.    These are actions of tort arising out of a collision between an automobile and an electric car.    One important question at the trial was whether the automobile was registered as required by law.    The only evidence bearing upon that point was this: The plaintiff Charles R. Dean testified that he was the owner of the automobile, whose identity was established by the manufacturer's number, that it was the only car he owned or registered in the years 1907 and 1908, the accident having occurred in January, 1908, and that he was unable to find his registration certificates.    The law in force at the time, St. 1907, c. 580, provided that all registrations made before August 1, 1907, should expire on that date and that thereafter all registrations should expire on January 1 of each year.    The defendant called a clerk from the Massachusetts highway commission, the board having

charge at that time of automobile registration, who testified that he had in court the records of that board so far as they related to Charles R. Dean for the years 1907 and 1908. He produced a record of registration issued on August 22, 1907, for the car concerned in the accident. By operation of law this registration expired on January 1, 1908. The witness then was asked to produce "the book for 1908," and the record states "witness procures book." The records for 1908, as testified to by the witness apparently with the record book before him, showed an application by Charles R. Dean filed on April 22, and certificate of registration issued May 1, and that there was no application or registration by Charles R. Dean earlier than that date in 1908. The record of the May 1 registration was read. It was the same in description of machine and owner as that of 1907. No question as to identity was raised. Later it was testified by the assistant secretary of the Massachusetts highway commission that the original records for 1908 were in court. There was no cross-examination of consequence, except a single question: "You have looked through the records, and you say your examination of the records do not disclose any other registration?" to which the answer was, "Yes, sir." No evidence was introduced tending in any way to affect the accuracy of the records. Although they were in court, the exceptions fail to reveal that any examination was made of them tending to show their incorrectness in any respect or to indicate that the witnesses' testimony was in any particular incorrect. It is plain that if a registration certificate was issued on May 1, 1908, on the same automobile registered in Dean's name the previous year, it must have remained unregistered from January 1 to May 1, 1908, if his testimony was true to the effect that he was the owner of the automobile continuously. Indeed, apart from this it is hardly conceivable on all the evidence that this was not the fact.

Under these circumstances a ruling was required that the automobile was unregistered at the time of the accident. The burden of proving this fact was on the defendant. *Doherty* v. *Ayer,* 197 Mass. 241. *Conroy* v. *Mather,* 217 Mass. 91. But it was proved by public records which were unimpeached in any degree. In substance these showed naked and undisputed facts. The records were in court and if in any respect the plaintiffs

wished to contend that they were inaccurate or that the oral testimony that there was nothing in them as to the matter in issue before May was unreliable, it was their duty to call attention to the records or such part thereof as supported their contention. It has been said that "when a party has the burden of establishing a proposition by oral testimony, a court can seldom rule as a matter of law that the proposition is proved." *Kelsall* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 554, 556. *LaFond* v. *Boston & Maine Railroad,* 208 Mass. 451, 456. But this is not such a case. The proof offered by the defendant did not rest in any substantial respect upon oral testimony, but upon public records produced in court and unattacked. There was no opportunity for weighing evidence nor passing upon the credibility of witnesses, nor drawing inferences from oral testimony. The uncontradicted, uncontrolled and unimpeached record of the Commonwealth was the only evidence. It is of no consequence that there was no formal acquiescence in their truth and accuracy by the plaintiffs. No disputed question of fact in truth was involved under these circumstances. A ruling that the burden of proof resting on the defendant had been sustained was warranted. *Debbins* v. *Old Colony Railroad,* 154 Mass. 402. *Emery* v. *Boston & Maine Railroad,* 173 Mass. 136. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137. *Love* v. *Worcester Consolidated Street Railway,* 213 Mass. 137.

The automobile in which all the plaintiffs were riding having been unregistered, all its occupants were trespassers upon the highway and had no rights against other travellers except to be protected from reckless or wanton injury. This was established in *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, and has been followed in numerous cases since, which are collected in *Holden* v. *McGillicuddy,* 215 Mass. 563, 565.

The remaining question is whether there was evidence of wanton and wilful conduct on the part of the defendant's motorman. It is not necessary to review the evidence in detail. We do not think it is susceptible of the inference that there could be attributed to the defendant's motorman "wilful, intentional conduct whose tendency to injure is known, or ought to be known, accompanied by a wanton and reckless disregard of the probable harmful consequences from which others are likely to suffer, so that the whole

conduct together, is of the nature of a wilful intentional wrong." *Banks* v. *Braman,* 188 Mass. 367, at page 369. *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269. *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130. There is nothing in this record which warrants the inference of the criminal or *quasi* criminal conduct which is required to permit a recovery on this ground. The failure of the motorman to see the automobile before he did in such situation as it was, and to bring his car to a stop quicker, while evidence of negligence, fails to reach to the kind of conduct required as a basis for recovery by the plaintiffs. *Willis* v. *Boston & Northern Street Railway,* 208 Mass. 589. *Santora* v. *New York, New Haven, & Hartford Railroad,* 211 Mass. 464.

*Exceptions overruled.*