ANNIE BOTWAY *vs.* JOHN OSIASON & others.

Bristol. October 26, 1914. — November 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Wanton and reckless misconduct. *Practice, Civil,* Exceptions, Judge's charge.

In an action of tort by a woman for personal injuries alleged to have been caused by the negligence or recklessness of a servant of the defendant in allowing a wheel of the wagon in which he was driving to pass over the plaintiff's foot, if the judge in his charge instructs the jury that the only questions for them to consider are whether the plaintiff was in the exercise of due care and, if she was, whether the defendant was negligent, and the plaintiff excepts to this part of the charge without having asked for any ruling or instruction to the effect that, even if the plaintiff was negligent, the defendant may be found to have been liable for her injuries if the defendant's servant was guilty of wanton and reckless misconduct, *it seems,* that upon the argument of this exception, after a verdict for the defendant, it is not open to the plaintiff to contend that the charge was erroneous because the jury could have found that the

defendant's servant was guilty of wanton and reckless misconduct; *but* in the present case it was not necessary to decide this question, because, assuming that the contention was open to the plaintiff, there was no evidence to warrant a finding of wanton and reckless misconduct.

TORT for personal injuries sustained by the plaintiff on June 18, 1908, at the corner of Pleasant and Thomas Streets in Fall River from having her foot run over by one of the wheels of a wagon of the defendants attached to a horse alleged to have been driven negligently and recklessly by a servant of the defendants. Writ dated June 25, 1908.

In the Superior Court the case was tried before *Jenney, J.* The plaintiff testified that at the time of the accident she was sixty-six years old; "that she was assisting her daughter to place her grandchildren upon an electric car which had stopped at the corner of Pleasant and Thomas Streets in Fall River; that, after she had placed her grandchildren upon the car and was turning to retrace her steps to the sidewalk, which was about twelve feet from the nearest rail of the tracks, a wagon was driven by one of the defendants' employees upon the plaintiff, and the left hand forward wheel rested upon her foot, causing the injuries complained of." The driver, in a deposition, testified as follows: "When I was about fifty to sixty feet from the point where the collision happened, I saw two ladies leaving the sidewalk to take a street car with two children. The ladies each held one child. Seeing that the ladies were next to the foot board of the car, ready to get in, my way being clear, I kept on driving. When one of those ladies was on the car with the children my team had then just got opposite that point. And the oldest lady of the two, instead of getting on the car, began to step back toward the sidewalk, all the time not looking behind, and while so stepping back toward the sidewalk this oldest lady was making motions with her hand, saying good-bye to the children. At about her third step backward as aforesaid she came in contact with the centre of the shaft on the left hand side of the team. Her contact with the said [centre] of the shaft as aforesaid, my team being still in motion, made her whirl and she fell, her hands striking the ground just as I stopped the horse, the forward wheel of the wagon was slightly pinching her foot." Another witness called by the defendant testified that he saw the plaintiff making four or five

steps backward toward the wagon, and that she came in contact with the wagon and fell, that when the plaintiff started walking back the horse was about twelve feet away from her, that the horse was proceeding at a walk, that the wagon was a light delivery wagon, that the horse was a kind horse and that the grade was level. "It appeared from all the witnesses but one that no warning was given by the driver of the approach of the wagon, and that there was nothing to obstruct his view of the plaintiff's position, and that the driver first saw the woman when he was about sixty feet away from her, and that he did not lose sight of her up to the time of the accident. One of the defendants' witnesses testified that the driver shouted to the plaintiff just before the collision and hauled his horse sharply away from the plaintiff."

The judge's charge related principally to the question whether at the time of the accident the plaintiff was in the exercise of due care, and he further instructed the jury that, if the plaintiff convinced them by a fair preponderance of the evidence that she was in the exercise of due care, they then should consider "the second question in the case, namely, Was the defendant negligent?"

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions to the portion of the judge's charge which terminated with the words quoted above.

The case was submitted on briefs.

*D. R. Radovsky,* for the plaintiff, contended that on the evidence the jury could have found that the defendants' driver was wilfully or recklessly and wantonly negligent, so that they could have found the defendants to be liable, even if the plaintiff was not in the exercise of due care.

*F. A. Pease,* for the defendants.

CROSBY, J. The plaintiff contends that there was evidence from which the jury could have found that the defendants were guilty of wanton and reckless misconduct, and that that question should have been submitted to the jury. We do not think that this question is raised upon the record. If we assume that it is open to the plaintiff, we are of opinion that there was no evidence to warrant a finding of wanton and reckless misconduct on the part of the defendants. *Banks v. Braman,* 188 Mass. 367 and footnote 192 Mass. 162.

Upon the issue whether the plaintiff was in the exercise of due care, the instructions given to the jury were clear and accurate. We see no error in the action of the court.

*Exceptions overruled.*