Roy McIntyre *vs.* Howard P. Converse & another.

Suffolk.   March 21, 1921. — May 28, 1921.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Carroll, JJ.

*Negligence,* Trespasser.   *Trespass.*

Review by De Courcy, J., of decisions defining the distinction between wanton and reckless misconduct and negligence, ordinary or gross.

At the trial of an action of tort for personal injuries received by a boy twelve years of age who, when a trespasser upon certain land, was struck by a log being hoisted by the defendant from a pile of logs thereon and moved to a creek where it was to be used as a part of a foundation, the evidence most favorable to the plaintiff tended to show that the plaintiff previous to the accident was standing near the pile of logs and at the end opposite that at which a chain, attached to an engine-driven derrick on a lighter about two hundred feet away, was being fastened to the logs by two employees of the defendant about thirty feet from the plaintiff; that these two employees saw the plaintiff and a companion about two minutes before the accident; that the logs were being dragged from the pile to the lighter by the derrick and that, after they were well started, " the small end would move pretty quick and swing around; " that the employees said nothing to the plaintiff but that one of them looked down and smiled at him; that these men gave a signal to start the engine to a man on the lighter, who passed it to the engineer; and that, when the boys saw or heard the log begin to move, the plaintiff's companion ran under a nearby flat freight car and the plaintiff tried to climb up its side, and that, the log swinging, the plaintiff was struck. *Held,* that the evidence did not warrant a finding that the employees of the defendant were guilty of wanton or reckless misconduct.

Tort for personal injuries suffered by the plaintiff while a trespasser upon land of the Mexican Oil Company upon which the defendants were constructing oil tank foundations. Writ dated June 4, 1917.

In the Superior Court the action was tried before *Hammond,* J. Material evidence is described in the opinion. At the close of the evidence, the defendants asked for the following, among other, rulings:

" 1. That upon all the evidence the plaintiff is not entitled to recover."

" 4. That upon the evidence the jury would not be warranted in finding that the defendants or their servants and agents were guilty of a wanton, wilful or reckless disregard of the plaintiff's safety."

The rulings were refused. The jury found for the plaintiff in the sum of $4,000; and the defendants alleged exceptions.

*W. I. Badger, Jr.,* (*W. I. Badger* with him,) for the defendants.
*J. W. McAnarney,* (*T. F. McAnarney* with him,) for the plaintiff.

DE COURCY, J. The injury to the plaintiff occurred on land belonging to the Mexican Oil Company in East Boston, for which company the defendants were constructing oil tank foundations. In connection with this work logs, from fifty to sixty feet long and tapering from fourteen inches thick at the butt to six or more inches at the small end, were brought to the railroad siding on flat cars, and rolled off the cars upon the adjoining land of the oil company, at the foot of the slight railroad embankment. About two hundred feet away, on a lighter in Chelsea Creek, was an engine, derrick and boom. A wire cable, with a chain at its end, extended from the boom. The regular method of operation was to fasten the chain to the butt end of a log, haul the log to the end of the boom, and hoist it aboard the lighter; after which it was driven into the ground for foundation purposes. This work had been going on for about six months. There was evidence that, when the power was applied and the log got started, " the butt end was pulled toward the lighter and after it got to a certain point on the top of the pile, then the small end would move pretty quick and swing around to get on a line with the lighter and in making that movement, it would go very fast."

On the day of the accident, December 1, 1916, four employees of the defendants were engaged on this work. The engineer, Henry, and the foreman, Legrow, were on the lighter, and two men named Smith and Moore attended to fastening the chain around the logs. The jury, by accepting the testimony most favorable to the plaintiff, could find these additional facts: Mc-Intyre was a boy of twelve years, had frequently visited this place before the morning of the accident, had observed the work that was going on, but "never saw any logs swinging." Previous to the accident, in company with another boy, named Daw, he had been standing for about five minutes between the railroad and the small end of the pile of logs, watching the pile-driving in the creek. He saw Smith and Moore working at the butt end of the logs, thirty feet away from him, but paid no attention to what they were doing; and they said nothing to him, but one of them looked

down and smiled at him.   The men on the logs gave the signal to start the engine, by hand or word, to Legrow, who was on the lighter, and he passed it on to the engineer, Henry.   When the boys saw or heard a log begin to move, the boy Daw " ducked under the car."   The plaintiff attempted to climb up the side of the flat car, but as he did so the swing of the log caught his foot and caused the injuries complained of.

The main question raised by the exceptions is whether there was evidence to warrant a verdict in favor of the plaintiff.   As he was a trespasser, or at best a mere licensee, the only duty which the defendants owed him was to abstain from any wilful, wanton or reckless conduct that was likely to injure him.   Proof of negligence, or even gross negligence, on the part of the defendants' employees would not entitle him to recover in this action.   Under our decisions, the difference between negligence, whether ordinary or gross, and this "wilful and intentional conduct which is or ought to be known to have a tendency to injury" is a difference in kind and not merely one of degree.   *Altman* v. *Aronson,* 231 Mass. 588, 592.   *Cotter, petitioner,* 237 Mass. 68, 72.   As was said by Knowlton, C. J., in *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, 271: " The difference in rules applicable to the two classes of cases results from the difference in the nature of the conduct of the wrongdoers in the two kinds of cases.   In the first case the wrongdoer is guilty of nothing worse than carelessness.   In the last he is guilty of a wilful, intentional wrong.   His conduct is criminal or *quasi* criminal.   If it results in the death of the injured person, he is guilty of manslaughter."   In *Banks* v. *Braman,* 188 Mass. 367, 369, the difference was expressed in these words: " In one case there need be nothing more than a lack of ordinary care, which causes an injury to another.   In the other case there is wilful, intentional conduct whose tendency to injury is known, or ought to be known, accompanied by a wanton and reckless disregard of the probable harmful consequences from which others are likely to suffer, so that the whole conduct together, is of the nature of a wilful, intentional wrong."   See also *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387;   *Prondecka* v. *Turners Falls Power & Electric Co., ante,* 239.

We find nothing in this record to warrant the inference of such

criminal or *quasi* criminal conduct. The engineer, Henry, and the foreman, Legrow, were on the lighter, and could not even see the plaintiff. They had no reason to anticipate that boys who might be trespassing on this isolated tract would place themselves where the work could not be carried on without subjecting them to danger of injury. The plaintiff relies on the conduct of Smith and Moore. At the time of the trial Smith was dead and Moore had left the country. The evidence discloses that in attaching the chain to a log, and giving the signal to the engineer, they acted as they had been doing for months, and there is no suggestion that the method used was not a proper one. The only possible basis for complaint is their failure, before giving the signal, to warn the plaintiff, who was seen by them two minutes earlier standing between the end of the pile of logs and the track. But it does not appear that they saw him when they gave the signal. They might well assume that this boy, who had frequently been on the premises where this same method of moving logs had been openly carried on for months, would seasonably take the few steps needed to put himself out of the reach of harm. Even assuming that in the circumstances their failure to warn him could be found to be negligent, we are of opinion that their conduct as disclosed by this record does not warrant the inference of intentional or wilful wrong, or of such reckless disregard of probable consequences as is equivalent thereto. *Gallagher* v. *O'Riorden,* 208 Mass. 275. *Willis* v. *Boston & Northern Street Railway,* 208 Mass. 589. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449, and cases cited. *Santora* v. *New York, New Haven & Hartford Railroad,* 211 Mass. 464. *Dean* v. *Boston Elevated Railway,* 217 Mass. 495. *Robbins* v. *Athol Gas & Electric Co., supra. Adamowicz* v. *Newburyport Gas & Electric Co., ante,* 244.

This conclusion makes it unnecessary to consider the exceptions to the exclusion of evidence. The exceptions to the judge's refusal to give the first and fourth requests of the defendants are sustained; and in accordance with G. L. c. 231, § 122, judgment is to be entered for the defendants.

*So ordered.*