Eno, J.
This is an action of tort wherein the plaintiff seeks to recover compensation from the defendant for personal injuries sustained by him when struck by a falling tree which had been uprooted by a steam shovel operated by the defendant or a person for whose conduct he was responsible. The answer is a general denial and contributory negligence.
The trial judge made the following special findings and rulings:
“On July 6, 1948, the plaintiff, a boy eleven years of age, was injured by a falling tree which had been uprooted by the defendant or his agent, who was operating a steam shovel excavating on the land of one Kelleher. The front of the Kelleher lot bounded Forest Street, a public way in Malden. A path ran through a large wooded area from Tremont Street, a public way and across the Kelleher lot which was in the lower portion of this wooded area. This path had been used for over twenty years by people in the *175 plaintiff’s neighborhood as a short cut from Tremont Street to Forest Street. The use was open and uninterrupted and with the knowledge and acquiescence of the owners. For over twenty years children had played various games in this wooded area, including the path. This use by the children was open, uninterrupted, and with the acquiescence of the owners. The area was used for play by children, but was not a playground in the accepted sense of that word.
‘ ‘ The use of this area, including the path, was not under any claim of right adverse to the rights of the owners. As far as any of the users knew, the owners acquiesced in said use and permitted them to use the area, including the path, but there never was any claim of right expressed, or mentally entertained by the users, hostile to the rights of the owners. The plaintiff, with a chum of about the same age, playing ‘cops and robbers’, was crossing the path when the accident occurred.
‘ ‘ The plaintiff was a licensee. The defendant was a business invitee of Kelleher. There was no wanton or wilful misconduct by the defendant or his agent.
“There were no warning signs on the Kelleher lot, nor did the defendant provide any guard, personal or mechanical, against danger, nor issue any warning against danger. The boys were aware that the steam shovel was in operation. ’ ’
The plaintiff filed certain requests for rulings concerning which the court acted as follows:
“ (1) There is sufficient evidence to warrant a finding that the plaintiff was in the exercise of due care at the time when the alleged accident occurred. Denied* as being immaterial because of the Judge’s Special Findings and Rulings. (2) There is sufficient evidence to warrant a finding that the defendant, his ser *176 vants, agents or persons for whose conduct he was responsible for was not in the exercise of due care at the time of the alleged accident. Denied as being immaterial because of the Judge’s Special Findings and Rulings. (3) A right of way may be acquired by reservation, bv grant or by agreement of parties and there would be nothing inconsistent in holding that it might be acquired by prescription, and that twenty years ’ adverse use would be evidence of a grant thereof. Allowed as a matter of law, but is inapplicable to facts found. (4) If the Court finds that the plaintiff found and others had used land of another for a way or otherwise, openly, adversely and uninterruptedly for more than twenty years, the Court can then assume that the owner had knowledge of the acts of the users and therefore said users may acquire a right by prescription to use said land without being considered trespassers. Allowed as a matter of law, but is inapplicable to facts found. (5) Twenty years of adverse use, continuously and uninterruptedly with the knowledge and acquiescence of the owner of the land, in the absence of any evidence of permission or license, would be sufficient proof of the right to use said land by prescription. Allowed as a matter of law, but is inapplicable to facts found. (6) An owner or occupant is bound to keep his premises in a safe and suitable condition for those who come upon and pass over them using due care, if he has held out any invitation, allurement or inducement, either expressed or implied, by which they have been led to enter thereon. Denied on facts found. (7) The right to use premises of another may be inferred from all the facts and thus can be regarded as an invitation to the public to enter upon and use said premises and a plaintiff who is in the exercise of due care while so using the premises may recover from a defendant who is acting carelessly and negligently. Denied on facts found. (8) A defendant who is engaged in uprooting and removing trees is engaged in very dangerous work and his carelessness would render him liable to a plaintiff even though said plaintiff may be classified as a mere licensee. Denied. See Judge’s Special Findings and Rulings. (9) A defendant engaged in uprooting trees can be said to create a ‘condition designedly arranged to do injury’ and there *177 fore is liable to a plaintiff who is on the premises as a licensee. Denied. See Judge’s Special Findings omd Rulings. ’ ’
We think that the trial judge correctly ruled that the plaintiff was only a licensee. Blackstone v. Chelmsford Foundry, 170 Mass. 321; Cole v. L. D. Willcutt & Sons Co., 214 Mass. 453; Murphy v. B. & M. RR., 248 Mass. 78 at 82.
As such the only duty the defendant owed him was to refrain from wilful and wanton misconduct. McIntyre v. Converse, 238 Mass. 592; Haffey v. Turners Falls Power Co., 240 Mass. 155; Robbins v. Athol Gas & Electric Co., 236 Mass. 387.
Of this there is no evidence in the report and the trial judge specifically found none on the part of the defendant or his agent.
Even if we should assume that the plaintiff had the rights of an invitee on the premises, there is no evidence in the report of any negligence on the part of the defendant or his servants or agents. We do not think that the mere presence of the steam shovel on the premises is sufficient to create liability.
There being no prejudicial error in the denial of the plaintiff’s requests the report is to be dismissed.

 The Trial Court’s ruling and findings on each of the Plaintiff’s Requests for Rulings are printed in italics following the request.