### PHILADELPHIA & READING COAL & IRON CO. v. KESLUSKY.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

#### No. 57.

1. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Where plaintiff, a miner employed in defendant's coal mine, in obeying an order of the foreman, who under the state statute represented defendant, was obliged to stoop to pass under the roof timbers of a tunnel in which the foreman had bored a hole and placed therein a stick of dynamite with a fuse attached, had a lighted lamp in his cap, but was not warned of the presence of the dynamite until immediately before the explosion by which he was injured, it was a question for the jury whether, if the foreman had performed his duty by giving plaintiff timely warning of the danger, the injury would not have been prevented, although there was no direct evidence as to the cause of the explosion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 23*)—FEDERAL COURTS—JURISDICTION ON REMOVAL—CONSENT OF PARTIES.

Where a federal court has jurisdiction of a cause on removal by consent of the parties, the act of the defendant in removing the cause and of the plaintiff in proceeding to trial without objection amounts to such consent and confers jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 75, 75½, 81; Dec. Dig. § 23.*]

In Error to the District Court of the United States for the Eastern District of New York.

Action at law by Anthony Keslusky against the Philadelphia & Reading Coal & Iron Company. Judgment for plaintiff, and defendant brings error. Affirmed.

On writ of error to review a judgment entered in favor of the plaintiff for the sum of $2,533.85. The judgment is based upon the verdict of a jury in the sum of $2,500 damages for injuries received by plaintiff while in the employ of the defendant in a coal mine known as the "Tunnel Ridge Colliery" located in Schuylkill county, Pa.

Pierre M. Brown and William F. Purdy, both of New York City, for plaintiff in error.

Moses Feltenstein and Baltrus S. Yankaus, both of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. [1] At the time of the accident the plaintiff was in the employ of the defendant as a miner in the defendant's coal mine at Tunnel Ridge, Pa., under the direction of Adam Schalick, who was foreman. At about noon on February 1, 1911, Schalick had bored some holes in the cross pieces of the U-shaped timbers which held up the roof of the tunnel, intending to blow it up and secure what coal remained in the roof. While the plaintiff was engaged in eating his dinner, some 45 feet from Schalick, the latter called to him through the intervening darkness to bring him a tamping stick. The plaintiff brought an iron stick and was informed that a wooden one was needed. Whereupon the plaintiff went back and was returning with a wooden stick and was in the act of handing it to Schalick when the latter exclaimed, "Watch yourself, there is a squib there," and immediately there was an explosion which caused the serious and permanent injuries of which the plaintiff complains.

We are of the opinion that the case was properly submitted to the jury. Under the Pennsylvania Act of June 10, 1907 (P. L. 523), Schalick was the foreman representing the defendant and for his negligence the defendant is liable. The jury were justified in finding that Schalick had bored holes in the overhead timbers for the insertion of dynamite intended to blow up the timbers in the gangway in question. The plaintiff knew that the foreman had bored holes for this purpose but did not know that the foreman had inserted a stick of dynamite in one of the holes with a fuse attached. When ordered to get the tamping stick, the plaintiff had his miner's lamp in his cap.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He was a tall man and it was necessary for him to stoop in order to pass under the timbers where the dynamite and the squib were located, with the danger of an explosion if the lamp came in contact with the squib. In such circumstances, it was the duty of the foreman to warn the plaintiff of the fact that the squib was there, but no timely warning was given. The jury were justified in finding that the light in the plaintiff's cap had caused the explosion and that the accident would not have happened if the proper warning had been given. Not to give it was negligence which, through its alter ego, is directly attributable to the defendant.

As to the alleged contributory negligence of the plaintiff, it suffices to say that in the courts of the United States the burden is upon the defendant to show that the plaintiff was negligent and that his negligence contributed to the injury. Even if negligent, a recovery will not be prevented if the defendant might, by exercising reasonable care and prudence, have avoided the consequences of the plaintiff's negligence. Inland & S. C. Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270.

The defendant has not proved any negligence on the part of the plaintiff. On the contrary, it contends that the cause of the accident is inscrutable. The assertion that the precise cause of the accident is unknown, and that "how this accident happened has been left to a guess," is hardly consistent with the theory that it was due solely to the fault of the plaintiff.

[2] Upon the question of jurisdiction we are of the opinion that Odhner v. Northern Pac. R. Co. (C. C.) 188 Fed. 507, does not require a dismissal of the cause for lack of jurisdiction, for the reason that the District Court had jurisdiction and could retain the action if both parties consented. We think both parties did so consent, the defendant by filing the petition for removal and the plaintiff by proceeding with the trial of the cause, and at no time objecting to the jurisdiction.

The questions of negligence were fairly presented to the jury and their verdict, an exceedingly small one considering the extent of the injury, should not be disturbed.

The judgment is affirmed with costs.